367 So.2d 311 (1979)
STATE of Louisiana
v.
Otto CLARK.
No. 62524.
Supreme Court of Louisiana.
January 29, 1979.
Louis A. Heyd, Jr., John M. Standridge, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Madeline Hebert, Asst. Dist. Atty., for plaintiff-appellee.
*312 DENNIS, Justice.
Defendant, Otto Clark, was convicted by a jury of armed robbery, La.R.S. 14:64, and sentenced to serve fourteen years at hard labor. On appeal he relies on fifteen assignments of error for the reversal of his conviction and sentence. Seven of the assignments are pretermitted because they were not briefed or argued. The remaining assignments present no error which warrants a reversal of defendant's conviction. However, one of the assignments points to an error which requires that defendant's sentence be vacated and that the case be remanded for the appointment of a sanity commission.
In his assignment number fifteen defendant seeks relief from the trial court's refusal to grant his motion for the appointment of a sanity commission or his motion for a new trial which reurged the objection of mental incapacity to proceed. Although we find no error in the trial judge's refusal to appoint a commission before trial, the record reflects that reasonable cause to doubt the defendant's capacity arose after trial. Under the circumstances of the case we conclude that the trial judge erred in failing to appoint a sanity commission before sentencing the defendant. For this reason the defendant's sentence must be set aside and the case remanded for the appointment of a sanity commission.
In order to understand the circumstances surrounding the post-trial sanity issue it is necessary to know some of the events which occurred before and after trial. Defendant filed a pre-trial motion for the appointment of a sanity commission to determine whether defendant had the mental capacity to proceed. At a pre-trial hearing on the motion the only evidence consisted of a letter from Dr. John Goethe, a psychiatrist, who had seen defendant several times over a period of three months as a treating physician. Dr. Goethe wrote that in his opinion the defendant was under significant stress when examined by him and that additional psychiatric evaluation was warranted. The trial judge denied the pre-trial motion for appointment of a sanity commission, stating that the mere need for psychiatric evaluation did not furnish a reasonable ground to doubt the defendant's mental capacity to proceed.
After trial and before sentencing, defendant's attorney filed a motion for a new trial, again alleging that his client lacked the mental capacity to proceed. Another written report from Dr. Goethe was introduced in which he stated that he was unable to evaluate the effects of medication upon defendant's mental condition because defendant had not returned for examination as scheduled. The letter further noted:
"As I have stressed to you in our telephone conversations, I do not feel that Mr. Clark has been fully evaluated, much less fully treated. I can not make a judgment as to the possible connection between this patient's emotional problems and his legal difficulties. However, I do feel that a more complete psychiatric evaluation is indicated and that he should continue to receive psychiatric treatment."
A Charity Hospital psychiatrist, Dr. William Super, examined defendant after the trial. His written report stated that defendant was on medication, had suicidal thoughts and heard inner voices which screamed and directed his actions.
The trial judge denied the motion for a new trial. However, before sentencing the defendant the court ordered Dr. William Super to conduct a psychiatric examination of the defendant. Subsequently, a report by Dr. Super was filed which stated that defendant was improved over the prior examination and indicated that he was still receiving medication. Shortly after the date of Dr. Super's report the court sentenced the defendant to serve fourteen years at hard labor.
Each of the reports by Dr. Super consisted of a series of handwritten entries made on a "Doctor's Order Sheet" from Charity Hospital. The reports do not purport to be complete psychiatric evaluations. Rather, they consist only of brief notations of the defendant's complaints and prescriptions for his medication. Nothing in the reports *313 relates to any of the factors which should be considered by an expert reporting to a judge charged with the responsibility of determining whether a defendant has the mental capacity to proceed. See, State v. Bennett, 345 So.2d 1129 (La.1977).
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La.C.Cr.P. art. 641. The defendant's mental incapacity to proceed may be raised by the defense, the district attorney, or the court at any time, La.C.Cr.P. art. 642, even after conviction as a reason why sentence should not be passed. State v. Henson, 351 So.2d 1169 (La.1977); State v. Gunter, 208 La. 694, 23 So.2d 305 (1945); State v. Allen, 204 La. 513, 15 So.2d 870 (1944); State v. Migues, 194 La. 1081, 195 So. 545 (1940); State v. Schmidt, 163 La. 512, 112 So. 400 (1927); In re Chandler, 45 La.Ann. 696, 12 So. 884 (1893). When the question of the defendant's mental capacity to proceed is raised there shall be no further steps in the proceedings against him until he is found to have the capacity to proceed. La.C.Cr.P. art. 642.
The ordering of a mental examination as to the defendant's present capacity to proceed rests in the sound discretion of the trial court. It is not enough that the defense has filed a motion arguing the defense, but there must be sufficient evidence to raise a reasonable doubt as to such capacity. However, if there is a substantial doubt as to the defendant's mental capacity it is an abuse of discretion for the trial judge to refuse to order a mental examination. See, La.C.Cr.P. art. 643, Official Revision Comment (a) and authorities cited.
The trial judge does not, however, have the discretion to decide how the mental examination shall be conducted. Within seven days after a mental examination is ordered, the court must appoint a sanity commission consisting of two to three physicians, having the qualifications specified by law, to examine and report upon the mental condition of the defendant. La.C.Cr.P. art. 644.
After considering the record presented for our review, we conclude that the trial judge acted within his sound discretion in determining that the additional evidence introduced after the defendant's conviction, together with that already on file, created reasonable ground to doubt the defendant's mental capacity to proceed. However, the trial judge exceeded his discretion in failing to appoint a sanity commission to examine and report upon the mental condition of the defendant, and in taking further steps in the proceedings, i. e., sentencing the defendant, without fully complying with the procedure for determining defendant's mental capacity to proceed.
The trial court clearly may not substitute the examination and report of a single physician for that of a duly appointed sanity commission. Nor may the trial court conduct further proceedings against the defendant after his mental capacity to proceed is raised, until the defendant is found by lawful procedures to have the capacity to proceed. When a mental examination as to the defendant's present capacity to proceed is ordered, the question must be determined by the court in a contradictory hearing. La.C.Cr.P. art. 647. At the very least, the defendant is entitled to introduce the report of a duly constituted sanity commission into evidence at the hearing. La.C. Cr.P. art. 647. It necessarily follows, therefore, that the court may not, after ordering a mental examination, determine the question of mental capacity to proceed or take further steps in the criminal proceedings without appointing a duly constituted sanity commission to examine and report upon the mental condition of the defendant.
For the foregoing reasons, the defendant's conviction is affirmed, the defendant's sentence is set aside, and the case is remanded with instructions to the trial court to appoint a sanity commission and proceed to determine whether the defendant has the present mental capacity to proceed.
*314 CONVICTION AFFIRMED. SENTENCE VACATED: REMANDED FOR APPOINTMENT OF SANITY COMMISSION AND FURTHER PROCEEDINGS.
SUMMERS, C. J., concurs.
BLANCHE, J., not participating.