PER CURIAM.
Defendant was initially charged in a single bill of information with four counts alleging the distribution of controlled substances in violation of La.R.S. 40:967. Three of the four counts involved the sale to undercover agents of a total of five preludin tablets; the fourth, sale of a small quantity of marijuana, again to one of the agents. In response to a defense motion to sever, the state dismissed the original bill and filed two new informations containing two counts each. On June 16,1980, defendant withdrew his former pleas of not guilty and pleaded guilty as charged to count one in each information, the first and third *1174 counts of the original bill charging sales of the preludin tablets. In return for the plea, the state then dismissed both second counts. On September 25, 1980, the day of sentencing, the trial court denied counsel’s motion for the appointment of a sanity commission in order to determine defendant’s competency to proceed. La.C.Cr.P. Article 641. It then sentenced defendant to five years’ imprisonment at hard labor on one of the counts, and two years at hard labor on the second, the sentences to run concurrently. Defendant has now appealed his conviction and sentence to this Court, urging two assignments of error. He argues that the trial court erroneously denied the motion for the sanity commission, and erred further in imposing excessive sentences.
We have reviewed the record of the sentencing hearing and find no abuse of discretion by the trial court in ruling on the request for a mental examination of defendant. Cf., State v. Clark, 367 So.2d 311 (La.1979). To this extent, the trial court did not err in proceeding to sentence defendant on September 25. We note, however, that at the hearing, the trial court imposed five years at hard labor “on count one relative to distribution of Preludin, and two years at hard labor on count two, distribution of marijuana....” [emphasis supplied]. The marijuana charge had, in fact, been dismissed by the state when defendant entered his guilty pleas. The trial court repeated the mistake when it filed its written reasons for sentence into the record.
We are unable to determine whether the trial court simply misstated the charge when it imposed sentence, or misunderstood the nature of the defendant’s guilty pleas. Distribution of preludin and distribution of marijuana carry the same penalties under La.R.S. 40:967(B)(2). Nevertheless, we cannot say that the error, if made, could have had no impact on the trial court’s sentencing determination for either count, or its articulation of sentencing reasons under La. C.Cr.P. Article 894.1. We are therefore unable to review defendant’s claim of exces-siveness on the present record. Accordingly, we affirm defendant’s convictions, but vacate the sentences imposed and remand the case for resentencing on both counts. The trial court is again to state for the record, in light of the correction noted here, its reasons for sentence, and the factual basis therefor, as required by La.C.Cr.P. Article 894.1. We reserve to defendant the right to appeal from that new sentencing determination.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.