510 So.2d 22 (1987)
STATE of Louisiana
v.
Donald Ray BEAUCHAMP.
No. KA 86 1141.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Writ Denied October 2, 1987.
*24 Donald T. Carmouche, Dist. Atty., Donaldsonville, for State, plaintiff-appellee.
Donald R. Johnson, Baton Rouge, for Donald Ray Beauchamp, defendant-appellant.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
Donald Ray Beauchamp was charged by bill of information with aggravated battery in violation of La.R.S. 14:34. He pled not guilty and waived his right to trial by jury. At the trial, the prosecution and the defense entered into a stipulation in which they agreed that the case would be submitted to the trial court solely on the evidence adduced at the preliminary examination. The trial court agreed to the stipulation and took the case under advisement. The trial court found the defendant guilty of simple battery, in violation of La.R.S. 14:35, and sentenced him to six months in the parish jail.[1] The defendant has appealed, alleging seven assignments of error. Assignments of error nos. 1, 3, and 4 were not briefed on appeal and are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
On September 17, 1981, the defendant was involved in an altercation at the Gonzales Truck Stop, located on the corner of Airline Highway and Old Germany Road in Ascension Parish. The owner of the Gonzales Truck Stop, Robert Starkey, was in the restaurant sitting on a bar stool near the cash register. The defendant entered the front door of the restaurant and walked up to the cash register. When Mr. Starkey observed the defendant, he ordered him to leave the premises because the defendant had been involved in prior disturbances at the truck stop. The defendant informed Mr. Starkey that he only wanted some change or matches or something of that nature, but Mr. Starkey replied that the defendant "couldn't get anything here." At that point, the defendant hit Mr. Starkey with his fist and knocked him to the floor. As the defendant continued his attack, Mr. Starkey defended himself by kicking at the defendant. When Mr. Starkey reached his feet, the defendant opened his jacket and produced a long knife resembling a butcher knife. The defendant uttered "a lot of profanity" and "told [Mr. Starkey] a lot of unpleasant things [the defendant] was going to do to [him]." Although the defendant threatened to "cut [Mr. Starkey's] heart out," the defendant did not attack him with the knife. Instead, the defendant ran out the front door, across the parking lot, and disappeared into some nearby woods.
In connection with this offense, a bill of information was filed on November 8, 1985, charging the defendant with aggravated battery. On November 13, 1985, the defendant filed several pre-trial motions, including a motion for speedy trial. The trial court apparently granted the defendant's motion for speedy trial and assigned a trial date of December 17, 1985. After several delays, trial was held on April 9, 1986; and the trial court took the case under advisement. On June 9, 1986, the trial court rendered a judgment of guilty of simple battery.

ASSIGNMENT OF ERROR NO. 5 (Issue No. 1 in Defendant's Brief):
In this assignment of error, the defendant contends that the trial court erred in denying his two motions to quash the bill of information. The second motion to quash related to his motion for speedy trial and will be addressed in assignment of error no. 6. The instant assignment of error will address the defendant's first motion to quash, relating to his allegations that the time limitations for the institution of prosecution had expired.
The defendant was charged by bill of information with aggravated battery, a relative felony. See La.C.Cr.P. art. 933(3); *25 La. R.S. 14:34. Therefore, for this particular offense, the prosecution had four years from the date of the crime to institute prosecution. La.C.Cr.P. art. 572(2). However, the defendant argues in brief that informal disclosures by the District Attorney's Office indicated that this offense was only an aggravated assault, which is a misdemeanor. See La.C.Cr.P. art. 933(4); La. R.S. 14:37. Therefore, the defendant argues that prosecution should have been instituted within two years of the date of the offense, as provided by La.C.Cr.P. art. 572(3). In a similar argument, the defendant notes that, at the preliminary examination, the trial court found probable cause only for simple battery (a misdemeanor), not aggravated battery, which was the charged offense. For the same reason, the defendant argues that the trial court's finding of probable cause for simple battery mandated the institution of prosecution within two years of the date of the offense.
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. See La.C. Cr.P. arts. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Perez, 464 So.2d 737 (La. 1985).
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars and determine, as a matter of law and from the face of the pleadings, whether or not a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. State v. Perez, 464 So.2d at 739. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. See State v. Rembert, 312 So.2d 282, 284 (La.1975); State v. Perez, 464 So.2d at 740.
Since the bill of information charged the defendant with aggravated battery, which is a relative felony, the trial court correctly applied a four year time limitation on the institution of prosecution and correctly denied the defendant's motion to quash on these grounds.
In the alternative, the defendant argues that the four year time limitation under La.C.Cr.P. art. 572(2) had also expired, since the offense was committed on September 17, 1981, and the bill of information was filed on November 8, 1985. The court minutes indicate that the hearing on the defendant's first motion to quash was held on December 3, 1985. However, a transcript of this hearing was not included in the record. State exhibit # 1, hereafter referred to as S-1, which was filed into evidence at the hearing on the first motion to quash, is a set of medical records from the Feliciana Forensic Facility indicating that the defendant was committed to this facility on December 14, 1981, pursuant to a court order, a copy of which is also contained in S-1. An examination of S-1 reveals that the defendant had been charged with aggravated battery in Bill of Information No. 1009 as a result of his involvement in a fight at the Presidential Suite Lounge on December 10, 1981. The defendant was discharged from Feliciana Forensic Facility on April 2, 1982.
The instant offense was committed on September 17, 1981, and the prosecution was instituted when the Bill of Information was filed on November 8, 1985. Therefore, the bill of information was filed approximately four years and fifty-two days after the date of the offense. However, the state argues that the time limit for the institution of prosecution was interrupted during the period of time the defendant was committed to Feliciana Forensic Facility, a period of approximately one hundred ten days. Therefore, according to the prosecution, the bill of information was filed within the four year time limit established in La.C.Cr.P. art. 572(2). In his brief, the defendant argues that the four year time limitation on the institution of prosecution was not interrupted by the defendant's commitment to Feliciana Forensic Facility because this commitment arose from a separate charge of aggravated battery in Bill of Information No. 1009. The defendant argues that this commitment to Feliciana Forensic Facility would only interrupt the running of the time limitation for the institution *26 of prosecution on the charge for which the defendant was committed, but would have no effect whatsoever on the running of the time limitation for the institution of prosecution of any other offense.
La.C.Cr.P. art. 575 provides:
The periods of limitation established by this Chapter shall be interrupted when the defendant:
(1) For the purpose of avoiding detection, apprehension or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) Lacks mental capacity to proceed at trial and is committed in accordance with Article 648 of this Code.
We find nothing in the language of Article 575 to support the defendant's argument that his commitment to Feliciana Forensic Facility in connection with Bill of Information No. 1009 did not also act to interrupt the time limitation for the institution of prosecution in the instant offense. Nor does the defendant cite any jurisprudence or statutory authority to support his argument. Defendant's commitment to Feliciana Forensic Facility effectively kept the State from prosecuting him on any charge. Accordingly, we conclude that the instant bill of information was filed within the four year time period established by La.C.Cr.P. art. 572(2).
The defendant also contends that S-1 should not have the effect of interrupting the running of the time limitation for the institution of prosecution because it was filed into evidence over his objection. Specifically, he argues that the prosecution failed to lay the proper foundation before S-1 was introduced into evidence at the first motion to quash. However, as previously noted, the record does not contain a transcript of the hearing on the first motion to quash. The court minutes indicate that S-1 was introduced into evidence at the hearing on the first motion to quash, but the minutes give no indication of any defense objection to S-1. In any event, the defendant's objection that S-1 was admitted into evidence without the proper foundation is without merit, because S-1 contains certified medical records which are an exception to the hearsay rule and are exempted from the general foundation requirement under La.R.S. 13:3714.[2]See State v. Wientjes, 341 So.2d 390 (La.1976).
We conclude that S-1 was properly admitted into evidence at the hearing on the defendant's first motion to quash. We also conclude that S-1 demonstrated an approximate 110 day interruption of the time limitation on the institution of prosecution in the instant case. Therefore, the filing of Bill of Information No. 1844, on November 8, 1985, was within the four year time period established by La.C.Cr.P. art. 572(2). For the above reasons, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6 (Issues Nos. 2, 3, and 4 in Defendant's Brief):
In this assignment of error, the defendant contends that the trial court erred in denying his right to speedy trial guaranteed by the United States and Louisiana Constitutions. He also contends that his statutory right to speedy trial provided in La.C.Cr.P. art. 701 was violated.
The instant offense was committed on September 17, 1981. Bill of Information No. 1844 charging the defendant with aggravated battery, was filed on November 8, 1985. On November 13, 1985, the defendant filed several pre-trial motions, including his first motion to quash and a motion for speedy trial. On February 26, 1986, the defendant filed his second motion to quash, based upon his allegation that his right to speedy trial guaranteed by the Louisiana and United States Constitutions had been violated. On March 10, 1986, the hearing on the defendant's second motion to quash *27 took place. After hearing argument on the motion, the trial court took the matter under advisement. On March 27, 1986, the trial court issued an order denying the defendant's second motion to quash. The trial took place on April 9, 1986, when the prosecution and the defense stipulated that the only evidence to be introduced for trial would be the evidence adduced at the preliminary examination. The trial court took the case under advisement and rendered a judgment of guilty of simple battery on June 9, 1986.
There are two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La.C.Cr.P. 701 and a constitutional right, embodied in the Sixth Amendment to the United States Constitution and Article 1, § 16, of the Louisiana Constitution of 1974. They are not equivalent. See State v. Sosa, 446 So.2d 429 (La.App. 4th Cir.1984), writ denied, 450 So.2d 361 (La.1984), cert. denied, 469 U.S. 866, 105 S.Ct. 209, 83 L.Ed.2d 140 (1984).

STATUTORY RIGHT
La.C.Cr.P. art. 701 provides in pertinent part:
D. After the filing of a motion for speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
(2) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in custody and within sixty days if he is not continued in custody. Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
The remedy for a violation of La. C.Cr.P. art. 701D(1) is a release of the accused or discharge of his bond obligation pending trial, unless just cause for the delay is shown. State v. Pleasant, 489 So.2d 1005, 1010 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986). In the instant case, the defendant was apparently released from jail without bond obligation after the preliminary examination. Since a violation of La.C.Cr.P. art. 701 D (1) results in the release of the accused or discharge of his bond obligation pending trial, and in the instant case the defendant was already released from jail without bond obligation, we conclude that in this case the issue became moot once the defendant was tried and convicted. See State v. Johnston, 480 So.2d 823, 825-826 (La.App. 2nd Cir.1985). Furthermore, we note that the defendant's statutory right to a speedy trial was not violated. In the instant case, the defendant was charged with a relative felony in a bill of information filed on November 8, 1985. The defendant was not continued in custody. Therefore, the prosecution had one hundred eighty days to commence trial in this case. La.C.Cr.P. art. 701 D (1). Trial commenced on April 9, 1986, a period of approximately one hundred fifty-two days after filing of the bill of information.[3]

CONSTITUTIONAL RIGHT
The constitutional right to a speedy trial is not dependent upon a motion but attaches when an individual becomes *28 an accused, either by formal indictment or bill of information, or by arrest and actual restraint. State v. Pleasant, 489 So.2d at 1010.
The four factors to be considered in determining whether a defendant has been deprived of a speedy trial are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Baker, 452 So.2d 737, 741 (La.App. 1st Cir. 1984). The peculiar circumstances of the case will determine the weight to be ascribed to the length of the delay and the reasons for the delay. See State v. Reaves, 376 So.2d 136 (La.1979).
As previously noted, the instant offense was committed on September 17, 1981; the defendant was not charged until Bill of Information No. 1844 was filed on November 8, 1985. Nowhere in his brief does the defendant allege that he was arrested in connection with the instant offense between September 17, 1981 and November 8, 1985, nor does the record indicate such an arrest. Therefore, although slightly more than four years passed before the institution of prosecution in this case, the defendant's constitutional right to a speedy trial did not attach until the bill of information was filed on November 8, 1985. See State v. Pleasant, 489 So.2d at 1010.
As noted above, the length of delay from filing of the bill of information to commencement of trial on April 9, 1985, was a period of approximately one hundred fifty-two days. The length of delay in this case is well within the prescriptive period for the commencement of trial, provided in La. C.Cr.P. art. 578(2) and is even within the statutory period for speedy trial provided in La.C.Cr.P. art. 701 D(1). Apparently, the delay of which the defendant complains is not the delay between the institution of prosecution and the commencement of trial, but the delay between the commission of the offense and the institution of prosecution. Although we find the four year delay in filing the instant bill of information somewhat disturbing, the delay is apparently due to the fact that numerous criminal proceedings were pending against the defendant during this period of time. There are indications in the record that, in addition to the instant offense, the following criminal charges were in various stages of prosecution during the period in question: aggravated battery, possession of a controlled dangerous substance, disturbing the peace, theft, and at least one charge of attempted second degree murder.
Finally, we must consider whether or not the defendant was prejudiced by the delay. We conclude, without hesitation, that the defendant was not prejudiced by the one hundred fifty-two day delay between the institution of prosecution in this offense and the commencement of trial. Considering the four year delay between commission of the offense and filing of the bill of information, we note that the defendant has failed to allege any actual prejudice, such as an impairment of his ability to prepare his case, locate witnesses, or produce items of evidence. See State v. Gladden, 260 La. 735, 257 So.2d 388, 392 (1972), cert. denied, 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973); State v. Pleasant, 489 So.2d at 1011.
Considering the four relevant factors, we conclude that neither the four year delay between commission of the offense and filing of the bill of information nor the one hundred fifty-two day delay from filing of the bill of information to commencement of trial violated the defendant's constitutional right to a speedy trial under the circumstances of this case. Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2 (Issue No. 5 in Defendant's Brief):
In this assignment of error, the defendant contends that the trial court erred in ordering him to proceed to trial when he had previously requested the appointment of a sanity commission.
On February 7, 1986, the defendant filed a motion for the appointment of a sanity commission. On February 26, 1986, the *29 defendant filed his second motion to quash, based on his right to a speedy trial. Both of these motions were assigned for hearing by the trial court for March 10, 1986. The transcript of the hearing on March 10, 1986, reflects that the defendant was not present at the hearing. Because the defendant was not present, the hearing on the defendant's motion for the appointment of a sanity commission was reassigned to April 14, 1986. However, the defendant's second motion to quash was argued and taken under advisement by the trial court. On March 27, 1986, the trial court issued an order denying the defendant's second motion to quash. On April 9, 1986, the prosecution and the defense entered into a stipulation that the case would be submitted for trial solely on the evidence adduced at the preliminary examination. The trial court agreed to the stipulation and took the case under advisement. On April 14, 1986, the hearing on the defendant's motion for the appointment of a sanity commission was continued on the motion of the assistant district attorney to May 12, 1986. On May 12, 1986, the defendant was absent again. Therefore, the hearing was again continued to June 9, 1986. On June 9, 1986, the trial court found the defendant guilty of simple battery. Sentencing was scheduled for June 17, pending the results of the hearing on the defendant's motion for the appointment of a sanity commission. At this time, however, defense counsel made an oral motion to withdraw his motion for the appointment of a sanity commission.
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La.C.Cr.P. art. 641; State v. Clark, 367 So.2d 311, 313 (La.1979). A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing and conducting his defense, may not be subjected to a trial. State v. Rogers, 419 So.2d 840, 843 (La.1982). When the question of the defendant's mental capacity to proceed is raised, there shall be no further steps in the criminal prosecution against him until he is found to have the capacity to proceed. La.C.Cr.P. art. 642. State v. Clark, 367 So.2d at 313. The failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. State v. Rogers, 419 So.2d at 843. However, as the defendant has conceded in his brief, the fact that the defendant's capacity to proceed is called into question does not, for that reason alone, require the trial court to order a mental examination of the defendant. The trial court must also have reasonable grounds to doubt the defendant's capacity. La.C.Cr.P. art. 643. State v. Guidry, 449 So.2d 41, 44 (La.App. 1st Cir.1984). The ordering of a sanity commission to inquire into the defendant's present capacity to proceed rests in the sound discretion of the trial court. State v. Guidry, 449 So.2d at 44.
The record in the instant case reflects that the provisions of La.C.Cr.P. art. 642 were not met. Further steps were taken in the criminal prosecution, although the defendant had requested the appointment of a sanity commission. It was error patent on the face of the record for a defendant to be arraigned by the trial court after he had first raised the issue of his possible mental incapacity. State v. Nicholas, 462 So.2d 1295 (La.App. 5 Cir.1985); State v. Sharlow, 493 So.2d 213, 221 (La. App. 5 Cir.), writ denied, 496 So.2d 329 (La.1986). However, the defendant did not contemporaneously object to the arraignment occurring before the sanity hearing and thus waived the objection. State v. Charles, 450 So.2d 1287 (La.1984); State v. Nicholas, 462 So.2d at 1298; State v. Sharlow, 493 So.2d at 221.
We note that the arraignment was the only proceeding held prior to the sanity commission hearing in Charles, Nicholas, and Sharlow, cited above. In the instant case, after the defendant's request for the appointment of a sanity commission, his second motion to quash was argued, taken under advisement, and denied by the trial court. Also, the case was submitted to the *30 trial court (based upon the stipulation by the prosecution and the defense), taken under advisement, and a judgment of guilty of simple battery rendered by the trial court. In addition to the above proceedings, which occurred after the defendant's request for the appointment of a sanity commission but before the hearing on this motion, the trial court also scheduled the defendant's sentencing hearing.
In the instant case, the proceedings which occurred after the defendant's request for the appointment of a sanity commission, but before the hearing on this motion, were much more substantial than a mere arraignment hearing. Yet, there is no indication from the record that the defendant objected to the fact that any of the above proceedings were occurring before the hearing on his motion for the appointment of a sanity commission. Furthermore, the transcript of the hearing on March 10, 1986, indicates that the defendant's motion for the appointment of a sanity commission could not be taken up because the defendant was absent on this date. The court minutes also indicate that on May 12, 1986, the sanity commission hearing was again rescheduled because of the defendant's absence.
Finally, we note that the transcript of the proceedings held on June 9, 1986, indicates that the trial court intended to "take up the motion for the sanity commission" immediately after rendering judgment. The court minutes state that on June 9, 1986, the trial court scheduled sentencing for June 17, 1986, "pending results of motion by defense for Sanity Commission Hearing." The court minutes then indicate that defense counsel made an oral motion to withdraw his motion for the appointment of a sanity commission hearing. In his brief, the defendant explains his reason for withdrawing the motion as follows: "[t]he court scheduled the defendant for sentencing on June 17, 1986. Defense attorney then withdrew his application for a Sanity Commission, the record having been made in the case."
We do not agree with the defendant that he had made his record in this case. The defendant's mental incapacity to proceed may be raised by the defense, the district attorney, or the court at any time, even after conviction as a reason why sentence should not be imposed. La.C.Cr.P. art. 642; State v. Clark, 367 So.2d at 313. Not only did the defendant fail to object to any of the proceedings which occurred after his motion for the appointment of a sanity commission, he also orally withdrew the motion on June 9, 1986. In fact, two of the three continuances of this motion were necessitated by the defendant's absence from court on the scheduled date of the hearing. Because the defendant was greatly responsible for the delays in the hearing on the motion for appointment of a sanity commission and failed to object to the proceedings which continued after his motion, and because he orally withdrew the motion, we conclude that this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 7 (Issue No. 6 in Defendant's Brief):
In this assignment of error, the defendant contends that "[t]he trial court erred by depriving defendant of due process rights based upon the record in the proceedings." In briefing this assignment of error, the defendant cites several general constitutional precepts which are guaranteed by the United States and Louisiana Constitutions. He then argues that all of these rights were violated, but fails to give specific examples. Included in this recitation of general constitutional rights, the defendant complains about the denial of his motions to quash and of the continuances granted for the hearing on his motion for the appointment of a sanity commission. Because these arguments were specifically addressed in previous assignments of error and found without merit, we conclude that the instant assignment is also without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The court minutes indicate that the trial court imposed the instant sentence "to run concurrent with any sentence he is serving now." The record does not indicate whether or not the defendant was serving any other sentence when the instant sentence was imposed.
[2] LSA-R.S. 13:3714 provides:

Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination.
[3] Moreover, it is not clear that the defendant raised the statutory right to a speedy trial in the district court. We note that the proper procedural vehicle for raising a speedy trial claim is by motion to quash the indictment. State v. Pleasant, 489 So.2d at 1008; footnote no. 1. The defendant's second motion to quash the indictment is specifically based on his allegation that he was denied his right to a speedy trial as guaranteed by the United States and Louisiana Constitutions. Therefore, the hearing on the defendant's second motion to quash was concerned only with his constitutional right to speedy trial, since the court may not hear an objection based on grounds not stated in the motion to quash. La.C.Cr.P. art. 536. A new ground for a motion to quash cannot be raised on appeal. Since the statutory speedy trial issue has been raised to a limited extent by the parties, we will consider it, but only because the record before us provides the grounds upon which we are able to rule. Id.