549 So.2d 1236 (1989)
STATE of Louisiana
v.
Joseph SADDLER.
No. 89-K-0681.
Supreme Court of Louisiana.
October 13, 1989.
Rehearing Denied November 27, 1989.
Before DIXON, C.J., and LEMMON, CALOGERO, MARCUS, DENNIS, WATSON and COLE, JJ.
PER CURIAM.
Granted. After jury selection defense counsel raised the question of defendant's *1237 competency to proceed. The motion for appointment of a sanity commission contained medical records from 1971 which indicated that defendant was schizophrenic. Defense counsel presented evidence that defendant's brother noticed defendant's strange behavior the previous evening and attempted to have defendant admitted to the psychiatric ward of the Veterans Administration Hospital. However, the prosecutor objected on hearsay grounds to defendant's brother's testimony as to statements by the admitting physician regarding his diagnosis and recommendation for treatment. The trial judge's sustaining the objection was incorrect, since the only purpose of the hearing was to determine whether there was a reasonable basis for ordering a sanity commission. Evidence at the hearing on the motion for new trial subsequently established that the admitting physician had diagnosed schizophrenia and opined that the "[p]atient needs to be admitted to hospital", although there was no space available at the time.
Under these circumstances the trial judge, in the face of available evidence of "reasonable grounds to doubt the defendant's mental capacity to proceed", La.C. Cr.P. art. 643, abused his discretion by proceeding with the trial without appointing a sanity commission to determine the competency issue. La.C.Cr.P. arts. 642 and 644.
Accordingly, the conviction and sentence are reversed, and the case is remanded to the district court for a new trial.