SCHOTT, Chief Judge.
Defendant was convicted of receiving stolen things valued at more than $500 (LSA R.S. 14:69) and sentenced under the habitual offender statute to six years at hard labor with eligibility for parole after one-half of the sentence is served, pursuant to R.S. 15:574.4.
We have examined the record for errors patent and find none. We note that the minute entry of January 10, 1986 when defendant was sentenced reflects that his six year sentence was without the benefit of parole, probation or suspension of sentence, but the transcript shows the sentence to be as stated above. When such a discrepancy exists the transcript controls. State v. Pleasant, 541 So.2d 401 (La.App.4th 1989).
By his sole assignment of error defendant argues that the trial court erred in denying a motion for a mistrial. Immediately after the jury was sworn the jurors were excused and the following took place:
*609 BY THE COURT:
Mr. Jenkins, the comment that you wanted to specifically place on the record outside the presence of the jury was to the effect that—
BY MR. JENKINS:
Yes, your Honor, to the effect that I have just been apprised by my client and his mother that my client has a prior mental history. He was seeing a psychiatrist at Touro Mental Health. And I just found this out this morning.
BY THE COURT:
But he’s no longer seeing any psychiatrist?
BY MR. JENKINS:
Your Honor, you know, for economic feasibility, no, he’s not, but I dont’ know if — I do not have his medical records with me. He hasn’t been seen by a psychiatrist of the Court, and as far as his mental state at this present time, I really can’t say under stress of trial, and at this juncture I would move for a mistrial based on those allegations. His mother is here now. We can take testimony from her to verify the fact that she told me that a few years ago he was ran over by a car, suffered some severe head injuries, and since then he’s been talking with psychiatrists.
At that time, prior to his incident, he was an “A” student. Since then, he’s no longer an “A” student. He’s no longer as sharp as he used to be. His comprehension is very bad. He can, will listen to her to some degree. But taking direction and orders from someone else— At this time, I'm not—
BY THE COURT:
You’re requesting a mistrial at this time?
BY MR. JENKINS:
Yes, sir, I am.
BY THE COURT:
All right. The request for a mistrial is denied. An objection is noted for the record on behalf of the defendant.
BY MR. JENKINS
Note my objection.
When asked by the court to make his opening statement defense counsel replied:
“Your Honor, in fairness to my client, I don’t know where we are with this, you know. I can’t say if I can make an opening statement, have my client testify. I don’t know how much he can assist me during the course of this trial ... Based on the new found evidence, the new revelation to me.”
Appellant’s counsel argues fairness, pointing out what little time trial counsel had to prepare the, defense, and that having learned about the possibility of defendant’s incompetency after the jury was sworn, he needed time at least to investigate the possibility of the defense of insanity.
The offense occurred on September 23, 1985 and the state filed the bill of information on November 7. Defendant was arraigned on November 18 accompanied by the Indigent Defender. A motions hearing was held on November 22 and the trial took place on November 26. Thus, trial counsel had eight days to prepare for the trial.
In State v. Beauchamp, 510 So.2d 22, 29 (La.App.1st Cir.1987) this court summarized the principles applicable herein. When the question of the defendant’s mental capacity to proceed is raised, there shall be no further steps in the prosecution until he is found to have the capacity to proceed. C.Cr.P. art. 642. A defendant’s due process right to a fair trial includes procedures adequate to protect him from being tried or convicted while incompetent to stand trial. The mere fact that his capacity to proceed is called into question does not necessarily require the court to order a mental examination. The court must also have reasonable grounds to doubt the defendant’s capacity. Art. 643. The ordering of a sanity commission to inquire into the defendant’s capacity to proceed rests in the sound discretion of the trial court.
*610 In this case there was no evidence of the defendant’s incapacity, only the statement by counsel that his client and the client’s mother said he had a history of mental problems. Such a self serving statement by a criminal defendant and his mother in the form of hearsay does not provide reasonable grounds to doubt defendant’s capacity and the trial court did not abuse his discretion by denying the motion.
This case stands in sharp contrast with the recent case of State v. Saddler, 549 So.2d 1236 (La.1989) where the court held that the trial judge abused his discretion by denying a motion for appointment of a sanity commission made just after the jury was selected. There defendant’s motion contained medical records indicating that he was schzophrenic; defense counsel presented evidence that defendant’s brother noticed defendant’s strange behavior the previous evening and attempted to have defendant admitted to the psychiatrics ward of a hospital. Furthermore, evidence at the hearing on the motion for new trial established that the admitting physician diagnosed schizophrenia and thought he should be admitted to the hospital, although there was no space available for him. We repeat, in the instant case no real evidence of defendant’s mental incapacity was presented.
Defendant’s argument as to a lack of time to prepare is not persuasive. He filed no motion to continue the case and no motion for a new trial. He seemed content to raise this unfounded suspicion of mental incapacity as a basis for a mistrial and an issue on appeal without making any effort to support or develop the issue. To reverse a conviction under these circumstances could severely disrupt any trial.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED