PARRO, J.
12Pefendant, Marco Antonio Thomas a/k/a Jesus De Leon, and two codefen-dants [1] were charged by bill of information with one count of unauthorized entry of a critical infrastructure, a violation of LSA-R.S. 14:61. Defendant pled not guilty and filed a motion to quash and a motion for preliminary examination. After a hearing on these motions, the trial court sustained defendant’s motion to quash the bill of information and found no probable cause to charge him with the offense. The state now appeals, assigning as error the trial court’s sustaining of defendant’s motion to quash and its finding of no probable cause at the preliminary examination. For the following reasons, we affirm the trial court’s sustaining of defendant’s motion to quash and pretermit discussion of its finding of no probable cause.

FACTS

At the hearing on the preliminary examination, the state elicited testimony alleging that defendant and his two codefen-dants are Mexican citizens who illegally entered the United States and purchased false identification documents in order to secure work. They are alleged to have used these false identities on February 14, 2011, to gain employment with a scaffolding company doing business at Shintech Louisiana, LLC, a plant that manufactures polyvinyl chloride products in Plaquemine, Louisiana.

MOTION TO QUASH

With respect to the defendant’s motion to quash, the state argues that the trial court erred in quashing the bill of information on the basis that it failed to cite sufficient facts as to whether a crime had been charged.
The motion to quash is essentially a mechanism by which to raise pretrial pleas or defenses, i e., those matters which do not go to the merits of the charge. State v. Beauchamp, 510 So.2d 22, 25 (La.App. 1st Cir.), unit denied, 512 So.2d 1176 (La.1987);s see LSA-C.Cr.P. arts. 531-34. It is treated much like an exception of no cause of action in a civil suit. Beauchamp, 510 So.2d at 25. In considering a motion *389 to quash, a court must accept as true the facts contained in the bill of information and in the bill of particulars and determine, as a matter of law and from the face of the pleadings, whether or not a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. Id.
In general, an appellate court reviews a trial court’s rulings under a deferential standard with regard to factual and other trial determinations, but the legal findings of a trial court are subject to a de novo standard of review. See State v. Hunt, 09-1589 (La.12/1/09), 25 So.3d 746, 751. When a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings. Id. As discussed below, the trial court quashed the bill of information in this case based strictly upon a legal finding. Therefore, we review this ruling under a de novo standard.
An accused shall be informed of the nature and cause of the accusation against him. LSA-Const. art. I, § 13. That requirement is implemented by LSA-C.Cr.P. art. 464, which provides:
The indictment shall be a plain, concise, and definite written statement of thé essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the . citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
The place of the commission of the offense need not be alleged in the indictment unless the place of commission is essential to the offense. LSA-C.Cr.P. art. 469.
In the instant case, defendant’s bill of information charged him with committing the offense of unauthorized entry of a critical infrastructure,
by the intentional entry, without authorization into any structure or onto any premises, belonging to another, that constitutes in whole or in part a 14critical infrastructure that is completely enclosed by any type of [sic] chemical manufacturing facilities; refineries; electrical power generating facilities; water intake structures and water treatment facilities, natural gas transmission compressor stations; LNG terminals and storage facilities; and transportation facilities, such as ports, railroad switching yards, and trucking terminals.
This language tracks closely, but not exactly, with the language of the unauthorized entry of a critical infrastructure statute. See LSA-R.S. 14:61(A).
Defendant raised purely factual issues as grounds for his motion to quash, alleging that he had no criminal motive in making entry into the Shintech plant and that his entry into the plant was not actually “without authorization.” Thus, technically, defendant’s memorandum in support of his motion to quash had arguments that are inappropriate for consideration in a motion to quash, because they speak to defendant’s factual guilt or innocence. However, the trial court granted defendant’s motion to quash[2] on legal grounds, independently of the arguments set forth in this memorandum, stating:
*390 Secondly, I read the Bill of Information, okay, and if you. read it, it says these three guys committed the offense of, and then it cites the statute. It cites no facts whatsoever, which it should cite, okay. And, therefore, the Bill of Information does not cite facts sufficient enough to charge the crime.
The state now argues that defendant’s bill of information was not deficient and, if it was deficient, the trial court should have allowed the state to amend the bill of information instead of quashing it outright.
In reviewing the bill of information filed against defendant, we find that it is defective in at least two respects. First, the bill of information fails to allege that the structure allegedly entered by defendant was completely enclosed by any type of physical barrier. See LSA-R.S. 14:61(A). However, this omission appears to be the result of a simple miswriting of the statutory elements, and it does not rise to the level of a defect sufficient to render the bill of information invalid or insufficient. See LSA-C.Cr.P. art. 487(A).
Secondly, and more importantly, the bill of information fails to allege with any | .^degree of specificity the place where the alleged offense occurred. Instead, the bill of information simply cites the boilerplate language of LSA-R.S. 14:61 and fails to clarify what type of critical infrastructure defendant allegedly entered without authorization.
There is decidedly little jurisprudence addressing the issue of when the place of the commission of the offense is essential to the offense. In State v. Yanes, 09-929 (La.App. 5th Cir.4/27/10), 40 So.3d 245, 250, the Fifth Circuit noted that a defendant’s bill of information properly charged him with unauthorized entry of a place of business, a violation of LSA-R.S. 14:62.4, when it alleged that he made unauthorized entry into “Samuel Brown Pediatrics.” That court did not further discuss whether such a specific designation was necessary, but it noted that the bill also “plainly, concisely, and definitely state[d] the essential facts constituting the offense charged.... ” Id. The Second Circuit has stated that “[t]he place of the crime is necessary to charge an offense such as burglary where the element of unauthorized entry into a structure or similar thing must be proved,” but “[t]he place of the crime is not an element of such crimes as murder, rape, robbery.” State v. Lee, 465 So.2d 806, 809 (La.App. 2nd Cir.), writ denied, 468 So.2d 572 (La.1985).
In the instant case, we find that the place of commission of defendant’s alleged offense of unauthorized entry of a critical infrastructure was an essential fact that should have been included in the bill of information. Without including in the bill of information the fact that defendant allegedly entered Shintech, a chemical manufacturing facility, the state would theoretically have the unfair ability at trial to prove that defendant entered any of the other enumerated types of critical infrastructures in order to prove his guilt. This lack of specificity would impair defendant’s ability to prepare a defense. Thus, we conclude that the trial court did not err in granting defendant’s motion to quash.
However, in its brief, the state further argues that even if the location of the alleged unauthorized entry should be included in the bill of information, it should be allowed to amend the bill of information to include this element. When an indictment |fifails to conform to the requirements of Chapters 1 and 2 of Title XIII of the Code of Criminal Procedure, which includes Article 469’s reference to the place of commission of an alleged offense, “the court may permit the district attorney to amend the indictment to cor *391 rect the defect.” See LSA-C.Cr.P. art. 532(2) (emphasis added). Similarly, “[b]e-fore the trial begins the court may order an indictment amended with respect to a defect of substance.” See LSA-C.Cr.P. art. 487(A) (emphasis added). The permissive “may” in these respective articles indicates that the trial court is under no obligation to allow amendment of a defective bill of information before ruling on the motion to quash. This conclusion is underscored by the final provision of LSA-C.Cr.P. art. 538, which allows a trial court to order that a defendant be held in custody or that his bail be continued for a specified time, pending the filing of a new indictment.[3] Therefore, we disagree with the state’s argument that the trial court should be compelled to allow the state to amend its defective bill of information under the circumstances of this case.
In sum, we find that the trial court did not err in granting defendant’s motion to quash. The bill of information failed to state with particularity the place of commission of the alleged offense. Further, the trial court was not required to allow the state to amend the bill of information before ruling on the motion to quash. However, we note that because jeopardy has not attached in this case, the state is free to file a new bill of information setting forth all of the elements of the alleged offense, provided it does so within the applicable time limits for institution of prosecution. See LSA-C.Cr.P. arts. 538, 572, 576, and 592.
This assignment of error is without merit.

PRELIMINARY EXAMINATION

The state also argues on appeal that the trial court erred in finding no probable cause after defendant’s preliminary examination hearing and in ordering that defendant |7be released from his bond obligation. Because we have concluded that the trial court did not err in granting defendant’s motion to quash, we pretermit discussion of this assignment of error as it relates to the trial court’s finding of no probable cause at defendant’s preliminary examination hearing. We note that the Second Circuit has acted similarly under comparable circumstances in State v. Walker, 37,493 (La.App. 2nd Cir.8/20/03), 853 So.2d 746, 751, writ granted, 03-2871 (La.3/12/04), 869 So.2d 802, order recalled, 03-2871 (La.7/2/04), 877 So.2d 99.
However, to the extent that this assignment of error is sufficient to raise a claim that the trial court should have ordered defendant to be held in custody or to have his bail continued until the filing of a new bill of information, we would reject any such argument under LSA-C.Cr.P. art. 538. Under this article, the propriety of such an order is within the discretion of the trial court. We note that the evidence presented at defendant’s preliminary examination indicated that defendant would still be subject to federal supervision, pending deportation proceedings, because of an immigration hold that would apply even in the event of his release from state custody. Therefore, we cannot conclude that the trial court abused its discretion in *392 releasing defendant from his bond obligation, even if the state elects to file a new bill of information. However, we reiterate that we make no determination with respect to the trial court’s determination of no probable cause.
SUSTAINING OF MOTION TO QUASH AFFIRMED.

. The two codefendants are subjects of separate appeals also decided this date. State v. Saul Gomez-Lopez a/k/a Enrique Urbano, 12-0661 (La.App. 1st Cir. 11/2/12) (unpublished opinion), and State v. Jose Alejandro Hernandez-Juarez a/k/a Robert Torres, 12-0473 (La. App. 1st Cir. 11/2/12) (unpublished opinion).

. The trial court also found no probable cause to detain defendant for reasons similar to those raised in his memorandum supporting his motion to quash.

. The final provision of Article 538 applies when the trial court has quashed the previous indictment for a reason other than those enumerated in that article. In contrast, the trial court shall order the defendant discharged from custody or bail, as to that charge, when it sustains a motion to quash based on the ground that: 1) the offense is not punishable under a valid statute; 2) trial for the offense charged would constitute double jeopardy; 3) the time limitation for the institution of prosecution or for the commencement of trial has expired; or 4) the court has no jurisdiction of the offense charged. See LSA-C.Cr.P. art. 538.