NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-161

STATE OF LOUISIANA

VERSUS

JERRAN DIGGS, ET AL.

**********

SUPERVISORY WRIT APPLICATION FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 59844-R
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of, John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

WRIT DENIED.

**G. Paul Marx**
**15th JDC District Defender**
**P. O. Box 3622**
**Lafayette, LA 70502**
**(337) 232-9345**
**COUNSEL FOR DEFENDANT/APPLICANT:**
     **Jerran Diggs**
     **Gene Williams III**
     **Gregory Bessard**
     **Travis Cooper**
     **Kirkland Demouchet**
     **Roland Bernard III**
     **Johnathon Landry**
     **Cody Guidry**

**Honorable Keith A. Stutes**
**Lafayette Parish District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR RESPONDENT:**
     **State of Louisiana**

**Roger P. Hamilton, Jr.**
**Assistant District Attorney**
**P. O. Box 12625**
**New Iberia, LA 70562-2625**
**(337) 519-7180**
**COUNSEL FOR RESPONDENT:**
     **State of Louisiana**

**SAUNDERS, Judge.**

Jerran Diggs, Gene Williams, III, Gregory Bessard, Travis Cooper, Kirkland Demouchet, Roland Bernard III, Johnathon Landry, and Cody Guidry are some of the Defendants who were indicted in this matter on December 21, 2015. The 18-page indictment charged Defendants and others with violations of the Louisiana Racketeering Act, La.R.S. 15:1351 *et seq.*, and with participation in a street gang, a violation of La.R.S. 15:1403.

On May 11, 2016, one of Defendants' co-defendants, Darron Carter, filed a motion to quash the indictment based on the omissions of essential averments of the crimes and the failure to use an authorized form. Defendants filed a motion to quash on August 29, 2016, adopting Carter's motion. Defendants' motion also alleged the lack of funding to provide indigent defense counsel in Vermilion Parish created "an impossible blockade to any orderly and proper proceeding in this case."

The trial judge found the indictment substantially defective and ordered the State to either amend the indictment and file a bill of particulars or apply for writs to this court within thirty days of the ruling. Failing that, the trial court would grant Carter's motion to quash.

The State filed an amended indictment on October 18, 2016, and an answer to Carter's bill of particulars on October 20, 2016, that was identical to the amended indictment. The State also filed a writ application. This court denied it as deficient for failing to include transcripts of the hearings pertaining to Carter's motion and the State's post-hearing memorandum opposing the motion. *State v. Carter*, 16-848 (La.App. 3 Cir. 11/4/16) (unpublished opinion).

Another hearing on the motions to quash was held on January 26, 2017. Defendants joined with counsel for Carter and co-defendant, Kavan Broussard, and

argued the amended indictment did not cure the defects of the original indictment. Thus, Defendants asked the trial judge to declare his earlier ruling final and grant the motion to quash. The State contended it had addressed all the shortcomings of the original indictment and particularly noted "[e]very crime has a victim identified in the amended indictment."

The trial judge ruled the State attempted to cure some of the defects via the amendment, but the State identified the victims of the alleged crimes only by their initials. He gave the State ten days to again amend the indictment by substituting the surnames of the victims for their initials and found "[i]n all other respects . . . the indictment is okay." The trial judge had not yet seen the answer to the bill of particulars and did not know if that "clear[ed] anything up" regarding the lack of proof of the crimes alleged in the amended indictment.

The State filed a second amended indictment on January 31, 2017, that substituted the first and last names of the victims for their initials. No other changes were made.

Defendants now seek review of the denial of their motion to quash the indictment. We note that the trial court has technically not addressed the second amended, current indictment. However, it has addressed the first amended indictment, and the second amendment, as discussed above, only changes the identification of the victims. Thus, we find that the trial court has addressed the substance of the present indictment, and this court will consider Defendants' writ application complaining of the original and amended indictments.

## DISCUSSION OF THE MERITS:

Defendants argue the trial court erred in failing to quash the indictment because it alleges no facts to support the finding of an "enterprise" as defined by La.R.S. 15:1353(D). They allege the indictment cannot support their convictions

2

even if all the statements in it are taken as true. They contend the indictment poses no facts to suggest Defendants even knew each other, and the indictment is merely a recitation of alleged acts of unrelated individuals.

An "enterprise," as defined by the Louisiana Racketeering Act, La.R.S. 15:1351 *et seq.*, "means any individual, sole proprietorship, partnership, corporation or other legal entity, or any unchartered association, or group of individuals associated in fact and includes unlawful as well as lawful enterprises and governmental as well as other entities." The existence of an enterprise is an essential element to the crime of racketeering.

The general grounds for a motion to quash are:

> (1) The indictment fails to charge an offense which is punishable under a valid statute.

> (2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.

> (3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.

> (4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.

> (5) A bill of particulars has shown a ground for quashing the indictment under Article 485.

> (6) Trial for the offense charged would constitute double jeopardy.

> (7) The time limitation for the institution of prosecution or for the commencement of trial has expired.

> (8) The court has no jurisdiction of the offense charged.

> (9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

(10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.

La.Code Crim.P. art. 532 (footnote omitted). The motion may also be based on these special grounds:

(1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.

(2) An individual grand juror was not qualified under Article 401.

(3) A person, other than a grand juror, was present while the grand jurors were deliberating or voting, or an unauthorized person was present when the grand jury was examining a witness.

(4) Less than nine grand jurors were present when the indictment was found.

(5) The indictment was not indorsed "a true bill," or the endorsement was not signed by the foreman of the grand jury.

La.Code Crim.P. art. 533.

In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars and determine, as a matter of law and from the face of the pleadings, whether or not a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. *State v. Armstead*, 14-36 (La.App. 4 Cir. 1/28/15), 159 So.3d 502, *writ denied*, 15-392 (La. 1/8/16), 184 SO.3d 692. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. *State v. Thomas*, 12-470 (La.App. 1 Cir. 11/14/12), 111 So.3d 386.

Here, count 1 of the indictment alleges Defendants were members of an organization engaged in certain crimes throughout a four-parish area. It identifies the area where the enterprise was historically associated. It alleges the organization constitutes a group of individuals associated in fact and fits the definition of an "enterprise."

4

Next, the indictment alleges "[t]he purpose of the Gremlins and their subsets criminal activity through the aforementioned crimes but not limited to . . . ." It then lists alleged purposes, means, and methods of the group, but it does not identify Defendants' alleged enterprise as "the Gremlins."

Regarding the racketeering charge, the indictment alleges Defendants and others, as members of the criminal enterprise, committed the crime of racketeering through a pattern of racketeering activity from an unknown time prior to May 2, 1997, until the date of the indictment. Only one of Defendants' group, Jerran Diggs, was of the age of majority at the time the indictment alleges the enterprise began. The others ranged from the ages of five months (Williams) to ten years and nine months (Landry) in age on May 2, 1997. However, all of these defendants reached the age of majority during the time period the indictment alleges the enterprise existed.

Describing the alleged pattern of racketeering activity, the indictment itemizes 37 criminal acts allegedly committed by Defendants and others "in furtherance of the racketeering conspiracy, and to accomplish the objects of the conspiracy . . . ." The indictment lists these acts by Defendants as part of the alleged pattern of activity:

*Jerran Diggs*

– September 14, 1999 – possessed cocaine with the intent to distribute in violation of La.R.S. 40:967(A).

– May 2000 – possessed crack cocaine with the intent to distribute in violation of La.R.S. 40:967(A).

– November 2006 – possessed marijuana, cocaine, and MDMA with the intent to distribute and had transactions involving drug proceeds in violation of La.R.S. 40:966(A), 40:967(A), 40:969(A), and 40:1041.

– November 2011 – made transactions involving drug proceeds in violation of La.R.S. 40:1041.

*Travis Cooper*

– April 1, 2009 – committed attempted first degree murders of Leroy and Derrick Mitchell in violation of La.R.S. 14:27 and 14:30.

– November 17, 2010 – distributed marijuana and crack cocaine in Vermilion Parish in violation of La.R.S. 40:966(A) and 40:967(A).

– December 6, 2011 – distributed crack cocaine in violation of La.R.S. 40:967(A).

– January 11, 2012 – possessed marijuana in violation of La.R.S. 40:966(E).

*Gregory Bessard*

– November 11, 2011 – possessed Xanax with the intent to distribute and possessed marijuana in violation of La.R.S. 40:969(A) and 40:966(E).

– August 23, 2012 – possessed crack cocaine with the intent to distribute in violation of La.R.S. 40:967(A).

– March 8, 2013 – possessed crack cocaine with the intent to distribute in violation of La.R.S. 40:967(A).

*Gene Williams, III*

– May 24, 2012 – committed assault by drive-by shooting in violation of La.R.S. 14:37.1.

– November 19, 2014 – possessed marijuana and cocaine with the intent to distribute in violation of La.R.S. 40:966(A) and 40:967(A).

– November 25, 2014 – possessed marijuana with the intent to distribute in violation of La.R.S. 40:966(A).

*Roland Bernard, III*

– September 14, 2014 – attempted the first degree murders of Carla Bolden and Heikeem Hebert in violation of La.R.S. 14:27 and 14:30.

*Johnathan Landry*

– August 23, 2012 – possessed crack cocaine with the intent to distribute in violation of La.R.S. 40:967(A).

– April 3, 2013 – possessed marijuana with the intent to distribute in violation of La.R.S. 40:966(A).

*Cody Guidry*

– May 2013 – possessed a Schedule II CDS (crack cocaine) with the intent to distribute in violation of La.R.S. 40:967(A).

*Kirkland Demouchet*

– September 12, 2015 – aggravated assault with a firearm in violation of La.R.S. 14:37.4.

Count 2 of the indictment alleges Defendants and others belonged to or associated with an organization from May 2, 1997, until the date of the indictment and conspired with each other and others to conduct or participate in the enterprise through a pattern of racketeering activity in violation of La.R.S. 15:1353(D).

Count 3 alleges Defendants and others belonged to or associated with a criminal street gang from May 2, 1997, until the date of the indictment. The gang's primary activities included murder, attempted murder, aggravated assault by drive-by shooting, robbery, burglary, intimidation of witnesses, and the sale, transportation, manufacturing and/or offering of controlled dangerous substances in Vermilion, Lafayette, Acadia, and St. Martin parishes.

Although the indictment could have been more artfully crafted, it is sufficient to survive quashal. The indictment sets out individual criminal acts by description and by statute and alleges they were committed in furtherance of a

7

racketeering conspiracy and to accomplish the goals of that conspiracy. It alleges the individuals who committed those acts were part of a criminal enterprise. It describes the purposes of the enterprise and how those purposes were supported and accomplished.

These allegations may not be true. However, for purposes of a motion to quash, they must be considered as true. If they are true, they establish the existence of an enterprise. Such consideration requires the denial of the motion to quash.

Defendants also argue the charges are insufficient to hold over Defendants for trial absent allegations of fact to conclude Defendants agreed to participate in the enterprise. They contend the indictment must allege "meetings, agreements and division of proceeds" in order to validly show a conspiracy. They offer no legal authority for that argument.

Defendants would require the indictment "to allege facts showing when each participant entered a conspiracy, [and] by what method[.]" Additionally, they contend the alleged facts would have to show "sufficient detail for a jury to be tasked with determining whether same are true."

Defendants' argument more appropriately applies to evidence at trial than to the indictment. Defendants rely on this court's opinion in *State v. Touchet*, 99-1416 (La.App. 3 Cir. 4/5/00), 759 So.2d 194, in support of their argument that the State has not shown the existence of an enterprise. *Touchet* was an appeal of a conviction, not a case addressing the sufficiency of an indictment.

As discussed above, this indictment states Defendants are members of an enterprise, they committed certain criminal acts, and those acts furthered the purpose of the enterprise and constituted a pattern of racketeering activity. If taken

as true, the allegations of the indictment adequately state grounds for the indictment, and the trial court did not err in denying Defendants' motion to quash.

Next, Defendants contend the trial court erred by continuing to hold them in custody pursuant to a defective indictment and in violation of state and federal constitutional due process requirements. They argue they are unrepresented because of funding problems in the public defender system, and they have no remedy because of the funding failure.

At the January 26, 2017 hearing, Defendants offered no evidence of a funding crisis. The issue of a purported due process violation was never raised or discussed, and the trial court stated no ruling on that issue. Defendants did not include the transcripts from the prior hearing or hearings dealing with the original indictment in their writ application. Likewise, the State did not include a transcript of those hearings in its writ application in *Carter*, 16-848, denied as deficient for that reason. Thus, we have no indication that the trial court ever considered this issue. No ruling is before this court to review. Accordingly, this court cannot consider this assignment of error at this time. Uniform Rules—Courts of Appeal, Rule 1-3.

## DECREE:

We find no error in the trial court's ruling concerning the sufficiency of the indictment. As to Defendants' argument regarding the lack of indigent funding in their region, the trial court has issued no ruling for this court to review. Uniform Rules—Courts of Appeal, Rule 1-3.

## WRIT DENIED

9