404 So.2d 1217 (1981)
STATE of Louisiana
v.
Nery S. CAMPUZANO.
No. 81-KA-0375.
Supreme Court of Louisiana.
September 28, 1981.
*1218 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Mamoulides, Dist. Atty., Stephen T. Wimberly, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Peter Castano, New Orleans, for defendant-appellant.
DIXON, Chief Justice.
Nery Campuzano was convicted of aggravated rape, R.S. 14:42, and was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Defendant appeals, presenting five assignments of error.[1]
On May 31, 1980 the victim reported to the Kenner Police Department that she had been raped at knifepoint in her bedroom by an intruder who wore a nylon stocking over his face. She stated that the incident took place during the early morning hours of the previous day, May 30, 1980. Detective Joseph Nicholosi, Jr. was assigned to the case. The victim told the detective that she knew the man who raped her because of familiar comments he made during the incident, and that he lived two doors down from her residence. At approximately 4:25 p. m. on May 31, 1980 Detective Nicholosi and a uniformed policeman arrived at defendant's residence; defendant was asked to accompany the detective to police headquarters for questioning. While enroute to the police station defendant allegedly admitted to having committed the rape.

Assignment of Error No. 7
By this assignment defendant contends that the trial judge erred in admitting into evidence defendant's typed confession, and, more specifically, the page on which defendant's signature did not appear.
It is clear that the state has the burden of affirmatively showing that a confession was made freely and voluntarily, and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. R.S. 15:451; C.Cr.P. 703. See also, State v. Robinson, 384 So.2d 332 (La. 1980). However, defendant does not assert that the confession was obtained under the influence of any of the defenses enumerated in R.S. 15:451. He merely states that because the last page of the confession was signed by Detective Nicholosi and not by defendant, the state failed to meet its burden of affirmatively showing that the confession was given freely and voluntarily.
At the hearing of defendant's motion to suppress the confession, Detective Nicholosi testified for the state with respect to its voluntariness. Defendant did not testify at this hearing.
The detective's testimony, essentially, was to the effect that on May 31, 1980 he *1219 and Patrolman Robert Hare of the Kenner Police Department approached defendant at his home. The detective identified himself, told the defendant that he wanted to speak with him in reference to a rape which occurred in the vicinity, and advised him of his Miranda rights. Defendant stated that he understood his rights and would cooperate in any way he could. Defendant was asked if he would go down to the investigations office in the detective's police unit to answer some questions. On the way to headquarters defendant stated that he had committed the rape. Detective Nicholosi then advised defendant not to say anything more until they reached his office. When they arrived at police headquarters the detective again advised defendant of his rights, this time using a printed Miranda waiver form. The defendant was asked specific questions, to which he responded, and Detective Nicholosi typed in the answers. The statement totaled six pages. The detective signed the statement and gave it to defendant to read and sign. The defendant signed his full name to each page except the last page. When questioned on cross-examination concerning the omission of defendant's signature from the last page, Detective Nicholosi stated that defendant obviously missed the last page.
Detective Nicholosi was asked during trial to read the statement to the jury. Defense counsel objected, urging that the omission of defendant's signature on the last page rendered the confession constitutionally invalid. The trial judge overruled the objection and admitted the confession. He stated, correctly, under the circumstances, that the omission of the signature would go to the weight that the jury would give to the confession.
The admissibility of a confession is a question for the presiding judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence. State v. Haynie, 395 So.2d 669 (La.1981).
The state having presented testimony to substantiate the voluntariness of defendant's confession, and there being no specific testimony introduced by defendant that the state was required to rebut, the state met its burden of affirmatively showing that the confession was free and voluntary.
This assignment lacks merit.

Assignment of Error No. 9
By this assignment defendant contends that the trial judge improperly denied his motion for a new trial based on newly discovered evidence and imposed an unusually cruel and excessive penalty. The issue raised by the motion for a new trial is discussed in Assignment of Error No. 10.
The statute under which defendant was convicted provides for a mandatory sentence of "life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." R.S. 14:42. We upheld the constitutionality of this statute in State v. Prestridge, 399 So.2d 564 (La. 1981), and still adhere to that decision.
This assignment lack merits.

Assignment of Error No. 10
By this assignment defendant urges that the trial court erred (1) in denying his motion for a new trial based on the insufficiency of the evidence, and (2) in denying his motion for a new trial based on "newly discovered" evidence without having conducted a hearing on the motion.

Insufficiency of the Evidence
Defense counsel urges that although the victim testified that defendant was armed with a knife at the time of the crime, defendant never threatened her with "great and immediate bodily harm." He argues, therefore, that defendant should not have been convicted of aggravated rape because of the lack of an essential element of the crime.
The victim testified that she began hollering and screaming after she became aware of defendant's presence on her bed. She testified that defendant stuck her in the side of the neck with a knife and stated: "Shut up. I'm not going to hurt you if you do what I tell you to. You're going to be *1220 alright (sic)." The victim testified that she thought defendant was going to kill or torture her, and she didn't want to do anything wrong.
The standard used in reviewing the sufficiency of evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Morgan, 389 So.2d 364 (La. 1980); State v. Harveston, 389 So.2d 63 (La.1980).
We think that credible testimony to the effect that defendant placed a knife at the victim's neck and stated that he would not hurt her if she did what he told her to do, accompanied by sexual intercourse, is sufficient evidence for a rational trier of fact to find beyond a reasonable doubt the essential elements of aggravated rape.[2]

Newly Discovered Evidence
Strongly argued was the denial of the motion for new trial based on newly discovered evidence.
The motion for a new trial alleged only that the verdict was contrary to the law and the evidence and that Officer Nicholosi was "bias (sic) and was a very close friend of the victim. This was discovered after the trial." A motion for a new trial based on newly discovered evidence must contain allegations of fact, sworn to, showing that notwithstanding reasonable diligence, the new evidence was not discovered before or during trial, the names of the witnesses, the facts which the witnesses will establish and that the witnesses (or the essential evidence) are available. C.Cr.P. 854.
On the argument for a motion for a new trial, the defense lawyer merely repeated that Nicholosi was a close friend of the victim, and was biased and prejudiced.
The inference is that Nicholosi fabricated the defendant's confession. The officer, the complaining witness, and the defendant, each testified at length in the trial. The officer also testified at a motion to suppress. Each was subject to cross-examination. The victim adequately explained the delay in reporting the attack to the police. The defendant testified fully about his ability to read and his version of the episode between him and the victim. The defendant's testimony at trial was that he had been invited to come to the victim's house late in the night, and that the sexual encounter was consensual.
Neither in the motion for a new trial nor in argument before the judge was there anything to suggest that a hearing to determine the relationship between the police officer and the victim would disclose any evidence that ought to produce a different result at trial. We cannot say that the trial judge abused his discretion in denying the motion for a new trial without an evidentiary hearing.
The conviction and sentence are affirmed.
CALOGERO, J., concurs, but would remand for a hearing on motion for new trial for reasons assigned by LEMMON, J.
DENNIS, J., concurs in affirming the sentence and conviction but would remand for a hearing on the motion for a new trial for the reasons assigned by LEMMON, J.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting in part.
I concur in affirming the sentence and conviction, but would remand for a hearing on the motion for a new trial.
The evidence in the original hearing showed that the victim did not report the alleged rape immediately; the accused, a *1221 20-year old Honduran with a ninth grade education claimed that the sexual intercourse was consensual and that the answers contained in the written confession were not the answers he stated to the officer; and the investigating officer who took defendant's statement was the sole witness to the accuracy of the contents of the confession. When defense counsel learned after the conviction of a close relationship between the victim and the officer, he was entitled to an opportunity to present evidence in an attempt to establish that the evidence of bias ought to produce a different result in regard to his defense of consent.[1]
The trial court erred in denying defendant an opportunity to present that evidence.
NOTES
[1] Defendant originally assigned eleven errors, but having failed to brief or argue Assignment Nos. 1, 2, 3, 4, 6 and 8, we consider them to be abandoned. Assignment No. 5 was based on an objection to a leading question about a "Miranda" card and is without merit.
[2] R.S. 14:42 provides in pertinent part:

"Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
. . . . .
2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution."
[1] If during the trial defense counsel had questioned the officer about his relationship with the victim and the trial judge had excluded the evidence, we would certainly reverse because of the denial of the right to confrontation. The present decision, which denies defendant the right at a hearing to confront one of his principal accusers with newly discovered evidence of bias, similarly infringes on this basic right.