446 So.2d 429 (1984)
STATE of Louisiana
v.
Albora SOSA.
No. KA 1011.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Rehearing Denied March 21, 1984.
Writ Denied May 11, 1984.
*430 Harry F. Connick, Dist. Atty. of Orleans Parish, Joanne C. Marier, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff-appellee.
Edward G. Koch, Jr., New Orleans, for defendant-appellant.
Before GARRISON, KLEES and CIACCIO, JJ.
GARRISON, Judge.
Defendant Albora Sosa appeals his conviction by a unanimous twelve-member jury of aggravated rape and aggravated crime against nature. He was sentenced by the trial court to serve a term of life imprisonment for the aggravated rape and a term of five years at hard labor for the aggravated crime against nature, both sentences to run concurrently.

FACTS
At approximately 5:30 a.m. on July 19, 1981, the victim was awakened by a man in her bedroom, lying on top of her. She began to struggle in an attempt to push him off, but stopped resisting him when he placed what she thought was a knife to her throat and threatened to kill her if she moved. The man first forced her to have sexual intercourse with him, and then forced her to engage in various unnatural sexual acts. He then went with the victim into the bathroom, where she later stated she had had a perfect view of his face. She testified that "(a)t this point, I felt there was no question that I would be able to identify this man."
The victim then offered the perpetrator something to drink in an effort to get downstairs in order to create an opportunity to escape. When he returned upstairs to get his cigarettes, she ran to her neighbors' home and called the police. The perpetrator ran from the victim's apartment in a pair of white shorts and fled on foot.
When the police arrived, the victim was extremely angry and upset but after several minutes calmed herself and gave the officers a detailed description of her assailant. She stated that he was a young, dark, latino male, approximately twenty-five years old, five feet four inches tall, stocky, weighing approximately 125-130 pounds, with curly, almost kinky hair and a noticeable dark birthmark under his right eye.
During their investigation, the officers found the weapon used by the perpetrator, a screwdriver, next to the victim's bed. They noted a torn window screen where the assailant entered the victim's apartment, and observed abrasions on her neck caused by the screwdriver. Tests were conducted later that day at Charity Hospital, the results of which were introduced into evidence by the State at trial. A police artist did a composite drawing of the assailant based upon the victim's description; however, the victim testified that she did *431 not feel that this sketch was entirely accurate.
Approximately two weeks later, Officers Fortunato and Imbraguglio, the investigating officers, were driving in the 2100 block of Magazine Street, approximately three blocks from the victim's apartment, when they saw the defendant, Albora Sosa, and noticed that he fit the victim's description of her assailant. The officers stopped their vehicle and placed Sosa under arrest for aggravated rape. The victim made a positive identification of Sosa from a photographic-lineup composed of six photographs. She had previously been unable to identify her assailant from two photo-lineups which did not include a photograph of the defendant.

ASSIGNMENT OF ERROR NUMBER 1
By this assignment, appellant maintains that he was denied a fair trial because of pretrial tensions between the trial judge and defense counsel which continued throughout the trial. While it is clear that there was a conflict between the trial judge and the defense counsel at a pretrial hearing,[1] it does not appear that these ill feelings carried over into the trial stage of these proceedings. A review of the record does not indicate that the trial was tainted by these pretrial events or that the defendant was denied a fair trial.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment, appellant maintains that he was denied his right to a speedy trial and that the case should therefore be dismissed.
The pertinent dates with respect to appellant's argument are as follows:
August 4, 1981arrest and incarceration
October 22, 1981indictment by Grand Jury
November 20, 1981arraignment
February 17, 1982case set for trial (continued on State's motion)
March 25, 1982defense filed Motion for Speedy Trial
April 29, 1982Motion for Speedy Trial denied; trial began
Article 701 of the Louisiana Code of Criminal Procedure sets forth the time limitations for the institution of proceedings against a defendant. At the time of Sosa's incarceration, this article required that:
"D. After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial of a felony or misdemeanor shall be as follows: (1) Trial of a defendant charged with a felony shall commence within one hundred twenty days of arraignment if he is in continued custody..."[2]
The defendant filed a Motion for a Speedy Trial requesting that he be granted a speedy trial or, alternatively, released from incarceration. At the hearing on this motion, the trial court inquired whether counsels were prepared to proceed and when they answered in the affirmative, the trial commenced. Admittedly this was after the statutory 120-day period had elapsed. However, while the trial court denied defendant's motion, it granted defendant's request for a speedy trial by beginning the trial the same day it ruled on the motion. Moreover, we note that the defendant did not seek to quash the indictment because of the State's delay, which would have been the proper procedural vehicle. State v. Reeves, 376 So.2d 136 (La. 1979). He merely sought a speedy trial, which he was granted. Appellant has shown no prejudice, therefore, resulting from the delay in instituting proceedings against him.
*432 It should also be noted that Art. 701 is not the equivalent of the constitutional right to a speedy trial embodied in Art. 1, Sec. 16 of the Louisiana Constitution of 1974. Appellant did not contend that his constitutional rights were abridged, only that, under Article 701, he should be brought to trial or released from incarceration.
We find this assignment to be without merit.

ASSIGNMENT OF ERROR NUMBER 3
By this assignment, appellant contends that he was deprived of his right to a full voir dire examination of a particular prospective juror whom the court dismissed for cause. Appellant's objection is based on the following exchange, which occurred during the State's voir dire:
"Q. Okay. And, would you have any problems with police testimony?
A. Yes.
Q. You would? In other words, you would not be able to be fair, and listen objectively to the testimony of a police officer.
A. Not too much.
BY MR. WILLIAMS:
Your Honor, based on the juror's answer, I would challenge for cause.
BY MR. KOCH:
Well, if Your Honor says he has answered positively to conclusions reached by the district attorney. He does not say whether or not he can change his mind under instructions of the court as to what to do. I think that's the fair question."
The trial court then repeatedly offered defense counsel an opportunity to rehabilitate the juror; however, counsel refused to question the juror at that time, opting to question the entire panel at one time:
"BY THE COURT:
Well, you want to ask him some questions, sir?
BY MR. KOCH:
Sir?
BY THE COURT:
You want to ask him some questions?
BY MR. KOCH:
When my time comes, yes, sir.
BY THE COURT:
Well, your time is right now because I've got to rule on the challenge ...
BY MR. KOCH:
Well, I'm making my motion ... I'm not voir diring right now. I'm making my motion for the ...
BY THE COURT:
I don't care whether you're voir diring or not, I'm telling you to question the man now.
BY MR. KOCH:
No, sir. I'm not going to do it now. I'm going to wait for my turn ... respectfully ... I don't feel that the district attorney has covered this man's so-called prejudice.
BY THE COURT:
Well, I'm offering you an opportunity to do it.
BY MR. KOCH:
When my time comes, Your Honor, I will do so.
BY THE COURT:
Now, is your time.
BY MR. KOCH:
No, sir. I do not relinquish my right to wait until my proper time to talk to everybody.
BY THE COURT:
I'm telling you your time is now. You're not going to question him now?
BY MR. KOCH:
All right. I'm not going to argue with the court anymore, Your Honor.
BY THE COURT:
The challenge is good. Go back to the jury lounge, sir.
BY MR. KOCH:
Let my objection be stated for the record."
The Louisiana Supreme Court has stated that the essential elements of fairness require that defense counsel be given the same chance at rebuttal and rehabilitation *433 of prospective jurors that is consistently afforded the prosecution. State v. Claiborne, 397 So.2d 486 (La.1981). The defense counsel was given this opportunity yet he refused to exercise it, and thereby waived the opportunity.
In ruling on challenges for cause, the trial judge is vested with broad discretion; his ruling will be reversed only when a review of the entire voir dire reveals that the judge's exercise of discretion was arbitrary and unreasonable with resultant prejudice to the accused. State v. Knighton, 436 So.2d 1141 (La.1983). It does not appear to us that the trial judge abused his broad discretion in this case. He gave counsel an opportunity to rehabilitate a prospective juror, and counsel declined to do so.
This assignment of error is, therefore, without merit.

ASSIGNMENT OF ERROR NUMBER 4
Appellant argues in this assignment of error that the trial judge erred in restricting defense questioning of a witness as to her personal knowledge of the victim's drinking habits. Appellant contends that this issue was relevant in ascertaining whether the victim's perception may have been affected by alcohol and her description and identification of the defendant thus mistaken.
Accordingly, a question addressed to the victim regarding to amount of alcohol or other intoxicants consumed on the night of the incident would be proper since it bears on the witness' ability to perceive that which she is testifying about and is a proper subject for cross-examination. State v. Williams, 410 So.2d 217 (La.1982). The record reflects that the victim was, in fact, cross-examined by defense counsel on this issue. Evidence of a witness' habitual intemperance or drug addiction, however, is not admissible for these reasons, because it bears little relevance to the credibility of the witness or any relevant matter at trial. State v. Landry, 359 So.2d 99 (La.1978); State v. Sutfield, 354 So.2d 1334 (La. 1978).[3]
In the instant case, defense counsel questioned the victim regarding her drinking on the night of the offense, and would have been permitted to question the neighbor, Ms. Casias, as to whether the victim was intoxicated on the night of the offense since the victim's perception, or lack thereof, is a relevant issue at trial. However, defense counsel attempted to elicit testimony of the victim's reputation for drinking, which is totally irrelevant to any issue at trial. Thus, the trial court's ruling was not an abuse of discretion.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 5
By this assignment, the defendant contends that the evidence was insufficient to support the jury's finding of aggravated rape.
Aggravated rape, as defined in LSA-R.S. 14:42, is
... a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power or execution; or
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
Rape is defined as "the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the *434 offender, committed without the person's lawful consent." LSA-R.S. 14:41.
Evidence presented at trial established that the defendant had sexual intercourse with the victim without her consent; that she was prevented from resisting the act by the defendant's threats to kill her and his apparent ability to execute those threats with the screwdriver; and additionally, that she was prevented from resisting because Sosa was armed with the screwdriver, a dangerous weapon under the circumstances.
Following the criteria first enunciated by the U.S. Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 2781 (1979), we conclude that any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found in this case that the essential elements of the crime of aggravated rape were proved beyond a reasonable doubt. State v. Fuller, 414 So.2d 306 (La. 1982); State v. Willie, 422 So.2d 1128 (La. 1982); State v. Campuzano, 404 So.2d 1217 (La.1981).
The appellant also maintains by this assignment that the distinction between aggravated rape and forcible rape is vague and blurred. This issue, however, has previously been decided adversely to appellant. In State v. Parish, 405 So.2d 1080 (La.1981) (on rehearing), also, 429 So.2d 442 (La. 1983), the court found that although the legal definition of aggravated rape as set forth in LSA-R.S. 14:42(2) and forcible rape are virtually identical, a distinction can be made based on the "degree of force employed and the extent to which the victim resists." However, in the instant case, it is clear that the defendant's actions constitute aggravated rape as defined by LSA-R.S. 14:42(3) because he was armed with a dangerous weapon, and there exists, therefore, no "grey area" to cloud our review of the facts of this case.
This assignment is without merit.
For the reasons stated above, the defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] The record shows that defense attorney was not present on the day pretrial hearing was scheduled and was attached by the court. He subsequently requested to be allowed to withdraw from the case, which request the judge denied.
[2] This article was amended in 1982 to provide that the 120 day period ran from the day the Motion for a Speedy Trial was filed, not from the day the defendant was arraigned.
[3] Evidence admitted at trial of a defendant's drug addiction or alcohol addiction has been held to be reversible error. See State v. Landry, supra; State v. Sutfield, supra.