STOKER, Judge.
David Poydras was convicted of two counts of aggravated rape, a violation of LSA-R.S. 14:42. He was sentenced to life imprisonment for each count, without benefit of parole, probation or suspension of sentence. His three assignments of error have been consolidated into one in his brief, as follows:
“The judgment of conviction is constitutionally infirm because the statutory scheme of the State of Louisiana allows juries to arbitrarily impose a harsher penalty upon some defendants by convicting them of aggravated rape instead of forcible rape and said statutes amount to an illegal and unintentional transfer of judicial sentencing power and authority to members of a jury. This infirmity is compounded by the fact that black defendants who rape white victims are more likely to be convicted of a more serious crime.”
In pertinent part, aggravated rape is defined in LSA-R.S. 14:42 as:
“a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
“(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
“(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
“(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.”
The penalty for aggravated rape is life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Under LSA-R.S. 14:42.1, forcible rape is: “a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from *517 resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.”
The penalty for forcible rape is imprisonment at hard labor for not less than five nor more than forty years, at least two of which must be without benefit of probation, parole or suspension of sentence.
The appellant argues that the elements of aggravated rape and of forcible rape are so similar that the distinction is not “susceptible of definition sufficient to instruct a jury without having the jury reach the conclusion that it has the option of finding guilt under either statute and assessing the penalty which should be imposed.” Since it is the function of the court, not the jury, to sentence a defendant, the appellant contends that the statutory rape scheme “violates the defendant’s due process rights as guaranteed by the Louisiana and Federal Constitutions.”
This issue has been settled by our Supreme Court. The definitions of aggravated rape and forcible rape have been distinguished by the degree of force employed and the extent to which the victim resists. State v. Willie, 422 So.2d 1128 (La.1982); State v. Parish, 405 So.2d 1080 (La.1981); State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979). In State v. Fletcher, 341 So.2d 340, 348 (La.1976), the court said:
“[La.R.S. 14:42.1] merely created a lesser degree of the crime, permitting a responsive verdict, La.C.Cr.P. art. 814, subd. A(8) (as amended in 1975), to the charge of aggravated rape, La.R.S. 14:42. It does not, as defendant contends, repeal or make ambiguous the more serious offense of aggravated rape defined by Subsection (2) of the latter statute — punishing sexual intercourse without the lawful consent of the female since committed 'Where [she] is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.’” (Footnote omitted.)
While the elements of the two crimes may be similar, the jury is not free to convict a defendant of one over the other based merely on the desire to impose a particular sentence.
Further, the evidence, including a confession, shows that Poydras was armed with a knife while committing the crimes. His actions clearly constituted aggravated rape under LSA-R.S. 14:42(A)(3). Here, as in State v. Sosa, 446 So.2d 429, 434 (La.App. 4th Cir.1984), writ denied, 450 So.2d 361 (La.1984), cert. denied, 469 U.S. 866, 105 S.Ct. 209, 83 L.Ed.2d 140 (1984), there exists “no ‘grey area’ to cloud our review of the facts of this case.”
The appellant presents no evidence to substantiate his contention that a black defendant accused of raping a white woman is more likely to be convicted of aggravated-rape than of forcible rape. Additionally, he fails to argue that he was adversely affected by this alleged discrimination. As this point was not briefed, we consider it abandoned.
In conclusion, we find no merit to the appellant’s contentions, and we affirm his convictions.
AFFIRMED.