581 So.2d 283 (1991)
STATE of Louisiana
v.
Walter COWGER.
No. 90-KA-715.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1991.
*284 John D. Rawls, Indigent Defender Bd., Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Alan Green, Asst. Dist. Atty., D. Brennan Hussey, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Twenty-Fourth Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Before BOWES and GRISBAUM, JJ., and CURRAULT, J. Pro Tem.
GRISBAUM, Judge.
This is a Crosby appeal wherein the defendant asserts his right to a speedy trial was violated and claims the State of Louisiana (the State) failed to timely institute and proceed with prosecution. We affirm.

PROCEDURAL HISTORY
From October 1986 to May 1, 1990, the defendant, Walter Cowger, was serving a sentence instituted by the State of Alabama. During this period, the Parish of Jefferson had two warrants issued for the defendant's arrest and the State placed a detainer on the defendant. The defendant filed a pro se motion for a speedy trial on May 18, 1988.
Subsequently, on January 27, 1989, the State filed a bill of information charging the defendant with theft of property valued at $3500 in violation of La.R.S. 14:67. On May 2, 1990, the State extradited the defendant from Alabama, and, at arraignment on June 21, 1990, the defendant pled not *285 guilty. Thereafter, he filed a pro se motion to quash, again claiming his right to a speedy trial had been denied and the State had failed to timely institute and proceed with prosecution. Following the trial court's denial of his motion, the defendant, on August 22, 1990, withdrew his former plea and pled guilty as charged, preserving his right to appeal the denial of his motion to quash in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced the defendant to two years at hard labor with the sentence to run concurrently with the sentence he was serving in Alabama.

ANALYSIS
The defendant contends the State violated both his statutory rights to timely prosecution and speedy trial as provided by the Louisiana Code of Criminal Procedure and his constitutional rights to a speedy trial as guaranteed by the United States and Louisiana constitutions.

TIMELY PROSECUTION
La.C.Cr.P. art. 572 provides:
No person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor;
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor;
(3) Two years, for a misdemeanor punishable by a fine or imprisonment or both; or
(4) Six months, for a misdemeanor punishable only by a fine or forfeiture.
Additionally, La.C.Cr.P. art. 578 states:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
It is well-settled that prosecution is "instituted" in criminal cases either by filing a bill of information or by grand jury indictment. La.C.Cr.P. art. 382; State v. Jones, 443 So.2d 639 (La.App. 3d Cir.1983).
Here, the defendant was charged with theft of property valued at $3500, a felony not necessarily punishable by imprisonment at hard labor. Thus, the State had four years from the time of the offense to institute prosecution and two years from the institution of prosecution to commence trial. The incidents giving rise to the theft charge occurred from July 1986 through September 1986. The State instituted prosecution by filing a bill of information on January 27, 1989, clearly within the four-year statutory limitation. Furthermore, the defendant pled guilty on August 22, 1990, also within the statutory limit of two years. Consequently, the State acted within its statutory authority in instituting and proceeding with prosecution.

SPEEDY TRIAL
There are two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La.C. Cr.P. art. 701 and a constitutional right embodied in the Sixth Amendment to the United States Constitution and Article 1, Section 16 of the Louisiana Constitution of 1974. The two are not equivalent. State v. Beauchamp, 510 So.2d 22 (La.App. 1st Cir.1987), writ denied, 512 So.2d 1176 (La. 1987); State v. Sosa, 446 So.2d 429 (La. App. 4th Cir.1984), writ denied, 450 So.2d 361 (La.1984), cert. denied, 469 U.S. 866, 105 S.Ct. 209, 83 L.Ed.2d 140 (1984).
Statutory Right:
La.C.Cr.P. art. 701, in part, provides:
A. The state and the defendant have the right to a speedy trial.
....

*286 D. After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
(2) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in custody and within sixty days if he is not continued in custody. Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
Clearly, a violation of this provision does not bar prosecution but merely authorizes pre-trial relief. Once a defendant has been tried and convicted, any allegation of a violation of La.C.Cr.P. art. 701 raised after trial is moot. State v. Jones, 516 So.2d 396 (La.App. 5th Cir.1987), appeal after remand, 537 So.2d 848 (La.App. 5th Cir.1989); State v. Johnston, 480 So.2d 823 (La.App. 2d Cir.1985). Therefore, this claim has no merit.

Constitutional Right:
The constitutional right to a speedy trial is not dependent upon a motion but, rather, attaches when an individual becomes an accused, either by formal indictment or bill of information, or by arrest and actual restraint. State v. Pleasant, 489 So.2d 1005 (La.App. 1st Cir.1986), writ denied, 493 So.2d 1218 (La.1986). Three considerations underlie the right to a speedy trial: (1) prevention of undue and oppressive incarceration prior to trial, (2) minimization of anxiety and concern accompanying public accusation, and (3) the possibility that long delay would impair the ability of an accused to defend himself. The factor of anxiety of the accused refers to a presumptively innocent defendant who must live under a cloud of suspicion until he has an opportunity to establish his innocence. State v. Johnston, supra, at 824; State v. Johnson, 363 So.2d 458 (La.1978).
Speedy trial claims are evaluated under the four-factor test enunciated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The considerations in determining whether a defendant has been deprived of a speedy trial are: (1) the length of the delay, (2) the reasons for the delay, (3) defendant's assertion of his rights, and (4) the actual prejudice to the defendant. The initial inquiry is into the length of the delay. If the delay is presumptively prejudicial, there will be an inquiry into the other factors. The peculiar circumstances of the case will determine the weight to be ascribed to the length of the delay and the reason for the delay. State v. Reaves, 376 So.2d 136 (La.1979); State v. Beauchamp, supra, at 28.
Here, we find the defendant became "an accused" only upon the State's filing of the bill of information on January 27, 1989. Prior to this time, although arrest warrants had been issued and the defendant had filed a speedy trial motion, no arrest and actual restraint by Louisiana authorities had occurred; the defendant had been arrested and incarcerated only in connection with the conviction in Alabama. Therefore, the length of the delay between the time defendant became "an accused" and the time he pled guilty was approximately 19 months. The length of this delay has the appearance of being "presumptively prejudicial" to the defendant. However, it must be evaluated along with the other relevant factors.
As noted, the defendant filed his motion for a speedy trial prior to the attachment of his speedy trial rights. Nevertheless, we consider this to be a sufficient assertion of the right which attached upon the defendant's becoming "an accused."
The apparent reason for the delay in bringing defendant's case to trial was that the defendant was incarcerated in Alabama from October 1986 until May 1990. Under such circumstances, the State has a duty to make a good faith effort to extradite the defendant once he makes demand *287 to be brought to trial. State v. McCarter, 469 So.2d 277 (La.App. 2d Cir.1985); State v. Carprue, 468 So.2d 602 (La.App. 2d Cir.1985). Although the bill of information was filed in January 1989, the defendant was not extradited until May 1990. The State, in brief, claims that it instituted formal extradition proceedings against the defendant in the summer of 1989; however, this does not appear of record. Ergo, the State apparently failed to timely fulfill its duty in attempting to bring the defendant to this state for trial. Nevertheless, this error is not necessarily fatal but is merely one of the circumstances to consider in determining a speedy trial violation.
The final factor is whether the delay prejudiced the defendant. The defendant claims the delay impaired his ability to present a defense and locate witnesses, yet he fails to offer any evidence of this alleged impairment. Additionally, he claims the delay denied him the opportunity to have his sentence run concurrently with the sentence he is serving in Alabama. However, the trial court in fact ordered the sentence to run concurrently with the Alabama sentence. Moreover, the record clearly shows the defendant sustained no undue and oppressive incarceration prior to trial since he was already incarcerated in Alabama on other charges. Of course, we could theorize he may have been prejudiced to some extent by "living under a cloud of suspicion and anxiety." However, the record is void of any evidence to that effect.
Therefore, after considering the relevant factors as prescribed by our jurisprudence and evaluating all circumstances, we find the defendant was not denied his constitutional rights to a speedy trial. Ergo, the trial court correctly denied the defendant's motion to quash.
For the reasons assigned, the conviction and sentence are hereby affirmed.
AFFIRMED.