GOTHARD, Judge.
Defendant, Vincent Mark Castillo, appeals a conviction for violation of section 20.04(M) of the Kenner Comprehensive Zoning Ordinance No. 2427, which provides: “Domestic animals and fowl are permitted in a residential district provided the number does not exceed four (4) domestic animals and (4) fowl total, that are six months of age or older whether they are housed in the residence or in the yard area.” It was alleged that the defendant raised pigeons, cockatiels and love birds at his home. The Kenner Humane officer who issued the misdemeanor summons estimated that 200 of these birds were on defendant’s property.
Defendant was charged with the violation on August 27, 1990 by misdemeanor summons. He entered a plea of not guilty at his arraignment. Subsequently, on October 10,1990 defendant, representing himself, was tried before the Mayor’s Court for the City of Kenner. At the close of trial the matter was taken under advisement. On November 27, 1990, the magistrate rendered a decision finding the defendant guilty as charged and imposing a $350 fine, plus court costs. The defendant was neither present at the rendering of the verdict nor at the imposition of the sentence. He was apparently informed of the guilty verdict by a letter dated November 28, 1990 from the Clerk of the Mayor’s Court. There is no indication in the record when the letter was actually mailed or received.
However, on December 11, 1990, the defendant filed a pro se Motion for Suspen-sive Appeal pursuant to the Louisiana Code of Civil Procedure. On December 12, 1990, the magistrate granted the suspensive appeal to the 24th Judicial District, despite its civil format, and set the amount of appeal bond at $395.00. On December 18, 1990 the magistrate reduced the guilty verdict and sentence to a written judgment.
After the matter was lodged in the district court, a trial de novo pursuant to LSA-R.S. 13:1896, was conducted on March 27, 1991. The defendant once again represented himself at trial. Upon completion of the trial, the district court judge took the matter under advisement and fixed May 1, 1991 as the date for his ruling on the case. The defendant appeared on that date, and the district court judge announced his ruling in which he found the defendant guilty as charged and sentenced the defendant to pay a fine of $350.00 plus court costs. The judge specifically ordered that the defendant’s sentence in the 24th Judicial District Court was to be imposed concurrently with the sentence of the Ken-ner’s Mayor’s Court. On that same day, the defendant fixed a written motion for an *719 appeal to this court which the district court thereafter granted.
We note initially that the defendant’s reliance on the Code of Civil Procedure rather than the Code of Criminal Procedure for ascertaining delay times for the filing of an appeal appears to render the initial appeal to the 24th Judicial District Court untimely. LSA-R.S. 13:1896A(2) provides that appeals in criminal cases tried in May- or’s Courts shall be taken within the time prescribed in the Louisiana Code of Criminal Procedure. The delay for a criminal appeal as established by the Code of Criminal Procedure is five days. LSA-C.Cr.P. art. 914. However, the Code of Criminal Procedure, when viewed in its entirety, envisions a situation whereby the defendant would have been present at the rendering of a guilty verdict and sentence. See LSA-C.Cr.P. art. 831 et seq. Where, as in the instant case, we cannot tell when the defendant became aware of his conviction and sentence, and that lack of knowledge cannot be attributed to any voluntary absence of the defendant, we must consider the appeal as though it were timely filed.
On appeal defendant argues two main themes in his prayer for reversal of his conviction and sentence. He asserts that his conviction cannot stand because he was not represented by counsel and because the evidence used to convict him was insufficient. Because we find merit in his argument that his right to counsel was violated we reverse his conviction and sentence and pretermit the issue of sufficiency of evidence.
Defendant was convicted of violating Section 20.04(M) of the Kenner Comprehensive Zoning Ordinance No. 2427. The penalty provision applicable to this code violation prescribes punishment of a fine not to exceed $500.00, or imprisonment for not more than 60 days, or both, and/or community service work not to exceed 32 hours. Kenner Code of Ordinances, Sec. 1-9. Court costs may also be imposed on a defendant, if convicted, pursuant to LSA-R.S. 33:441A.
An accused in a criminal proceeding has a guaranteed right to the assistance of counsel for his defense. U.S. Const. Amend. VI, La. Const. Art. I § 13. An indigent defendant confronted with the possibility of imprisonment is constitutionally entitled to appointed counsel. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Once informed of the right to counsel, a defendant may intentionally waive that right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); State v. Strain, 585 So.2d 540 (La. 1991). However, in order to be valid, the waiver of the right to counsel must be made knowingly, understanding and intelligently. Camely v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); State v. Strain, supra; Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
A review of the record convinces this court that defendant did not validly waive his right to counsel. The State, in brief to this court, concedes that the trial was conducted subsequent to an invalid waiver of defendant’s right to counsel and must be reversed. Because it appears that the defendant was not afforded benefit of counsel in any proceeding, we reverse both the judgment of the district court and that of the Mayor’s Court, thereby, vacating the defendant’s conviction and sentence in both courts and remand the matter to the May- or’s Court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.