690 So.2d 191 (1997)
STATE of Louisiana
v.
Morris J. PRICE.
No. 96-KA-680.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1997.
*193 Bruce G. Whittaker, Staff Appellate Counsel, Gretna, for appellant Morris J. Price.
Paul C. Connick, Jr., District Attorney, Leigh Anne Wall, Assistant District Attorney, Research & Appeals, Parish of Jefferson, Gretna, for appellee State of Louisiana.
Before BOWES, GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Morris Price, appeals his convictions of two counts of distribution of heroin, in violation of La. R.S. 40:966 A, and sentences. We affirm and remand. We grant the Motion to Withdraw filed by appeal counsel for defendant.
On April 6, 1995, defendant filed several pro se pre-trial motions, including a motion to quash based upon the time limit for commencement of trial having expired and a petition for writ of habeas corpus seeking release from custody based upon the state's failure to institute prosecution. The record *194 shows that a grand jury indictment was filed on the same day, but does not reflect any ruling on these specific pro se motions. Defense counsel also filed numerous pre-trial motions. The trial court denied the motion to suppress the identification.
On January 29, 1996, defendant filed a "Motion to Proceed Pro Se" and requested that the trial court provide him with tools necessary to conduct a pro se defense. On April 23, 1996, the state dismissed two of the four initial counts that had charged defendant with possession of heroin. On the same day, the appointed defense attorney withdrew as counsel of record and another attorney enrolled as retained counsel.
Trial was held on April 24, 1996. At the conclusion of trial, the jury found defendant guilty as charged on the two remaining counts of distribution of heroin. On May 16, 1996, prior to sentencing, the trial court denied defendant's pro se motion for arrest of judgment. Then, the trial court sentenced defendant to life imprisonment at hard labor, without probation or suspension of sentence, to be served consecutively, on each count. A timely motion for appeal was filed.
The testimony in trial is that, after receiving information from a confidential informant about a man named Morris Price who was selling heroin, Jefferson Parish narcotics officers made arrangements for an undercover narcotics purchase and surveillance. Agent Billy Lewis completed a background check and obtained a photograph of the suspect named Morris Price.
On June 8, 1994, Lewis met with the confidential informant who introduced him to a black male. The black male stated that his name was Morris. After the confidential informant left the area, Lewis told Morris that he wanted to buy three doses of heroin. The men arranged to meet at another location. When Morris brought Lewis the heroin, he also gave him a slip of paper containing the name "Morris" and a telephone number to be used for future purchases.
On June 16, 1994, Lewis called the telephone number which he had been given by Morris and made arrangements to purchase more heroin. About one hour later, Lewis and Morris met. Morris gave Lewis the heroin in exchange for cash. This transaction was videotaped and observed by other narcotics officers. The substances received by Lewis in both transactions tested positive for heroin. Morris was subsequently arrested.
During the trial, Agent Lewis identified defendant as the man who sold him the heroin in both transactions and who identified himself as Morris. Other police officers also identified defendant as the man that they personally observed selling the heroin.
In defendant's appeal, defense counsel filed an "Anders" brief and a motion to withdraw asserting that he reviewed the record and found no non-frivolous appealable issues. The brief and motion comply with the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967) and discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). In State v. Bradford, 95-929 and 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, this court noted the Louisiana Supreme Court's favorable response to the Fourth Circuit's policy regarding Anders briefs and adopted the same policy.
In applying the adopted procedure, a certified letter was sent from the Clerk of this court advising defendant of his right to file a supplemental brief in his own behalf. Defendant responded by filing a pro se supplemental brief.
Defendant asserts three assignments of error as follows: (1) erroneous opening jury instructions pertaining to reasonable doubt, (2) denial of his right to self representation and (3) denial of his right to a speedy trial.
In his first assignment of error, defendant argues that the trial court erred in giving an opening instruction to the jury prohibiting it from going beyond the evidence to find facts or circumstances which would tend to create doubt upon which to acquit. Specifically, defendant argues that this statement deprived him of the presumption of innocence, shifted the burden of proof, affected the reasonable doubt standard, constituted a comment *195 on his failure to testify and denied his right to a fair trial.
Prior to individual questioning during voir dire, the trial judge addressed the venire regarding their role and the general applicable principles of law. These statements included an explanation of the concept of reasonable doubt.
Our review of the transcript reflects that neither an objection nor a motion for mistrial was made to the comments. Generally, an error may not be raised on appeal in the absence of a contemporaneous objection to allow the judge to correct the error. La. C.Cr.P. art. 801. See also La.C.Cr.P. art. 841. State v. Jynes, 94-745 (La.App. 5 Cir. 3/1/95), 652 So.2d 91, 95. The remedies available for prejudicial remarks made "during the trial or in argument" are mistrial or admonition. La.C.Cr.P. arts. 770 and 771. State v. Loera, 530 So.2d 1271, 1282 (La.App. 2 Cir.1988), writs denied, 536 So.2d 1252 (La.1989). Since neither an objection nor a request for mistrial was made, the objection is waived. However, when an instruction is "of such importance and significance as to violate fundamental requirements of due process", in some instances the error may be raised for the first time on appeal, regardless of the contemporaneous objection rule. State v. Williamson, 389 So.2d 1328, 1331 (La.1980); State v. Jynes, 652 So.2d at 95-96 n. 2.
In this case, even assuming that a proper objection was made, after reviewing the entire statement of the trial judge, we find that the remark was neither a comment on defendant's failure to testify nor did it created any prejudice against defendant. In addition, we find no prejudice or error if we view the remarks as "jury instructions". A verdict will not be set aside because of an objection to a portion of the trial court's charge unless such portion, when considered in connection with the remainder of the charge, is shown to be erroneous and prejudicial. State v. Broussard, 202 La. 458, 12 So.2d 218, 220 (La.1942). A trial court charges a jury by presenting to the jury his entire instructions. The standard for reviewing jury charges requires that the charges be read as a whole. Thus, the appellate court considers the entire presentation. State v. James, 95-566 (La.App. 5 Cir. 11/28/95), 665 So.2d 581, 583; State v. Parker, 506 So.2d 675, 684 (La.App. 5th Cir.1987), writ denied sub nom. State v. Tell, 512 So.2d 456 (La. 1987).
In this case, the instructions, particularly those regarding the reasonable doubt standard, are an accurate statement of the law. Additionally, the instructions correctly and adequately informed the jury of the law on the presumption of innocence, the state's burden of proof and defendant's right not to testify. Thus, after reviewing the entire jury instructions in the record, we find that the trial judge did not err in the jury charges.
In his second assignment of error, defendant contends that he was denied his right to self representation.
Prior to trial, defendant filed a "Motion To Proceed Pro Se'", seeking to exercise his right to represent himself. The record does not reflect a ruling on this motion, nor was defendant questioned as to his waiver of counsel. Nonetheless, a reversal is not mandated.
Since the defendant was faced with the possibility of imprisonment, he was constitutionally entitled to counsel. U.S. Const. Amend VI; La. Const. Art. I, Sec. 13; Argersinger v. Hamlin, 407 U.S. 25, 35-37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). The Sixth Amendment to the United States Constitution "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). Once informed of the right to counsel, a defendant may intentionally waive that right. Johnson v. Zerbst, 304 U.S. 458, 463-468, 58 S.Ct. 1019, 1023-1024, 82 L.Ed. 1461 (1938); State v. Strain, 585 So.2d 540, 542 (La.1991); State v. Castillo, 595 So.2d 717, 719 (La.App. 5 Cir.1992).
Because an accused, managing his own defense relinquishes many of the traditional benefits associated with the right to counsel, he must knowingly and intelligently forego those benefits in order to represent *196 himself. Faretta v. California, 422 U.S. at 834-836, 95 S.Ct. at 2541; State v. Strain, 585 So.2d at 542; State v. Bond, 94-509 (La.App. 5 Cir. 1/31/95), 650 So.2d 354, 356. Although no minimum requirements have been established for judging the sufficiency of a waiver of counsel, there must be a reasonable inquiry to establish on the record a knowing and intelligent waiver under the overall circumstances. State v. Strain, 585 So.2d at 542; State v. Bond, 650 So.2d at 356. Further, the record must show that a defendant waived his right "with eyes open" and with an awareness of the danger of self-representation. State v. Strain, 585 So.2d at 542; State v. Bond, 650 So.2d at 356. The failure of the trial court to inform defendant of his right to counsel and to secure a valid waiver constitutes reversible error. State v. Fraychineaud, 620 So.2d 338, 340 (La.App. 5 Cir.1993).
In this case, defendant filed a motion to exercise his right to represent himself on February 1, 1996. The trial court did not rule on this motion and defendant continued to be represented by appointed counsel. On the day before the trial, a new attorney enrolled as defendant's retained counsel. Defendant made no objection during the trial about his representation by the retained attorney, nor did defendant attempt to actually represent himself during the trial proceedings. Thus, considering that defendant retained counsel after his motion was filed, we find that defendant no longer asserted, and actually withdrew, his request to exercise his right to represent himself by acquiescing in his representation by his retained attorney. Since defendant withdrew his request to self-representation, the failure to conduct a Faretta hearing was not error. That type of hearing is only required when defendant represents himself, to determine if there is a knowing and intelligent waiver of his right to counsel. Thus, we find no merit to this assignment of error.
In the third assignment of error, defendant contends that he was denied his constitutional right to a speedy trial as guaranteed by the United States Constitution. In his argument, defendant refers to his Motion to Quash which he contends was based upon his federal and state constitutional rights and his statutory right to a speedy trial pursuant to La.C.Cr.P. art. 701. However, the motion does not specifically refer to the violation of a constitutional right to a speedy trial. Rather, it only refers to a Motion for Speedy Trial under La.C.Cr.P. art. 701 which defendant says he filed prior to his indictment. Also, in reading defendant's argument, it appears that he might also be arguing that the prosecution was not timely instituted.
First, we note that, as defendant asserts in his brief, the trial court did not rule on his Motion to Quash, Motion for Release Without Bail Pending Trial and Petition for Writ of Habeas Corpus. However, defendant was represented by counsel at the time they were filed. Defendant cannot be both represented and representative at the same time. State v. McCabe, 420 So.2d 955, 958 (La.1982). Further, defendant waived all pending motions by permitting trial to proceed without raising the issues that said motions were not heard nor ruled upon. We will nevertheless, address the speedy trial issue.
TIMELY PROSECUTION
La.C.Cr.P. art. 572 provides:
No person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor;
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor;
(3) Two years, for a misdemeanor punishable by a fine or imprisonment or both; or
(4) Six months, for a misdemeanor punishable only by a fine or forfeiture.
Additionally, La.C.Cr.P. art. 578 states:
Except as otherwise provided in this Chapter, no trial shall be commenced:

*197 (1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
It is well-settled that prosecution is "instituted" in criminal cases either by filing a bill of information or by grand jury indictment. La.C.Cr.P. art. 382; State v. Cowger, 581 So.2d 283, 285 (La.App. 5 Cir.1991).
Here, because defendant was charged with distribution of heroin, a felony necessarily punishable by imprisonment at hard labor, the State had four years from the time of the offense to institute prosecution and two years from the institution of prosecution to commence trial. The incidents giving rise to the charges occurred on June 8,1994 and June 16, 1994. The State instituted prosecution by filing a grand jury indictment on April 6, 1995, clearly within the four-year statutory limitation. Furthermore, the trial was commenced on April 24, 1996, also within the statutory limit of two years. Consequently, the State acted within its statutory authority in instituting and proceeding with prosecution.

SPEEDY TRIAL
There are two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La. C.Cr.P. art. 701 and a constitutional right embodied in the Sixth Amendment to the United States Constitution and Article 1, Section 16 of the Louisiana Constitution of 1974. The two are not equivalent. State v. Cowger, 581 So.2d at 285; State v. Sosa, 446 So.2d 429, 432 (La.App. 4th Cir.1984), writ denied, 450 So.2d 361 (La.1984), cert. denied, 469 U.S. 866, 105 S.Ct. 209, 83 L.Ed.2d 140 (1984).

Statutory Right
La.C.Cr.P. art. 701 provides in part:
A. The state and the defendant have the right to a speedy trial.
. . . .
D. After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
(2) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in custody and within sixty days if he is not continued in custody. Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
A violation of this provision does not bar prosecution but merely authorizes pre-trial relief. Once a defendant has been tried and convicted, any allegation of a violation of La.C.Cr.P. art. 701 raised after trial is moot. State v. Cowger, 581 So.2d at 286; State v. Jones, 516 So.2d 396, 401 (La.App. 5th Cir. 1987), appeal after remand, 537 So.2d 848, (La.App. 5th Cir.1989). Therefore, we find that this assignment of error is not a basis for reversal of the convictions.

Constitutional Right
The constitutional right to a speedy trial attaches when an individual becomes an accused, either by formal indictment or bill of information, or by arrest and actual restraint. State v. Pleasant, 489 So.2d 1005, 1009 (La.App. 1st Cir.1986), writ denied, 493 So.2d 1218 (La.1986). Underlying the right to speedy trial are three considerations. The first is the prevention of undue and oppressive incarceration prior to trial. The second is the minimization of anxiety and concern which accompanies public accusation. The third is the possibility that long delay would impair the ability of an accused to defend himself. State v. Cowger, 581 *198 So.2d at 286. The anxiety factor refers to a defendant who is presumptively innocent but must live under a cloud of suspicion until he has an opportunity to establish his innocence. State v. Cowger, 581 So.2d at 286.
Claims for speedy trial violations are evaluated under the four-factor test set forth in Barker v. Wingo, 407 U.S. 514, 530-531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The considerations in determining whether a defendant has been deprived of a speedy trial are: (1) the length of the delay, (2) the reasons for the delay, (3) defendant's assertion of his rights, and (4) the actual prejudice to the defendant. The initial inquiry is into the length of the delay. If the delay is presumptively prejudicial, there will be an inquiry into the other factors. The peculiar circumstances of the case will determine the weight to be ascribed to the length of the delay and the reason for the delay. State v. Cowger, 581 So.2d at 286; State v. Reaves, 376 So.2d 136, 138 (La.1979).
Here, the record does not reflect when defendant was arrested for the offenses. However, in his brief, defendant contends that he was arrested on October 19, 1994, while incarcerated and serving a sentence on another offense. Defendant also claims that, after he was notified by the corrections authorities that a detainer had been filed by the Jefferson Parish Sheriff's Office, he filed a Motion for Speedy Trial, on November 16, 1994. He also states that on March 20, 1995 he was booked under the arrest warrants related to the instant offenses.[1]
On April 4, 1995, defendant filed several pro se motions: Petition for Habeus Corpus, Motion for Release Without Bail for failing to timely indict him and a Motion to Quash based on his Motion for Speedy Trial filed in November 1994. He was subsequently indicted on April 6, 1995 by the grand jury.
On May 4, 1995, defendant pled not guilty at his arraignment. Defendant had counsel at this point and she filed numerous motions on May 17, 1995. Also, in June 1995, defendant filed several pro se motions, despite having counsel. On July 10, 1995, the minute entry reflects that the trial court continued the trial to September 11, 1995 for unnamed reasons. On September 14, 1995, the trial was continued to October 19, 1995 on request of the defense. The hearing on a Motion to Suppress the Evidence was held on October 26, 1995 and denied. At that time, the trial judge re-set the trial for January 8, 1996. However, a minute entry on December 11, 1995 shows that the matter was continued to February 12, 1996 on motion of the district attorney. On February 1, 1996, the trial court continued the trial on its motion for an in-camera inspection. It was re-set for February 12, 1996. But, on February 13, 1996, the minutes state that defendant obtained a continuance of the trial and outstanding motions. On April 23, 1996, new counsel for defendant was enrolled. The trial commenced the next day, on April 24, 1996. Presuming that defendant correctly notes that he was booked in March 1995, that date and not October 1994 is the date of arrest.
In reviewing this case under the four factors set forth in Barker v. Wingo, we find that the length of the delay between the time when defendant was arrested and became "an accused" (March of 1995) and the time the trial commenced (April 24, 1996) was approximately 13 months. The length of this delay has the appearance of being "presumptively prejudicial" to the defendant. See: State v. Cowger, 581 So.2d at 286. However, whether the delay violated defendant's constitutional right to a speedy trial must be decided after evaluating the other relevant factors set forth in Barker v. Wingo.
In reference to the reasons for the delay, between the arraignment on May 4, 1995 (two months after arrest and one month after indictment) and the trial in April of 1996, six continuances were granted. The state and defendant each requested and were granted two continuances. The other two were granted by the trial court, one for unspecified reasons and the other due to an in-camera inspection. Additionally, during this time a motion to suppress was heard. Thus, *199 the delays were primarily extended by defense counsel's own actions and by matters related to discovery and defense motions. The continuances then, were reasonable.
The third factor is defendant's assertion of his rights. Here, defendant contends that he filed a speedy trial motion in November of 1994, prior to his arrest for the instant charges or the filing of the indictment. Nevertheless, this is a sufficient assertion of the right which attached upon defendant becoming "an accused." See: State v. Cowger, 581 So.2d at 286.
The final factor is whether the delay prejudiced defendant. Defendant claims the delay impaired his ability to present an alibi defense because his alibi witness died prior to trial. According to defendant, his witness, the woman with whom he lived, died in January 1995. This was three months before his indictment. Defendant claims that this woman could have verified that he was with her at a doctor's appointment on the date of one of the offenses, but at trial he did not attempt to offer any other evidence of this doctor's appointment and his whereabouts on that day.
After considering the relevant factors as prescribed by the jurisprudence and evaluating all circumstances, we find that defendant was not denied his constitutional rights to a speedy trial. The continuances were mainly on his behalf. Furthermore, his alibi witness died before he was indicted, so the continuances after arraignment could not have had any effect on his ability to produce her at trial. Thus, we find that this assignment of error is not a basis for overturning the convictions.

"ANDERS" REVIEW
This court performed an extensive review of the record in conformity with Anders v. California and State v. Benjamin. We find no other non-frivolous appealable issues and therefore will grant defense counsel's Motion to Withdraw.

ERROR PATENT DISCUSSION
Defendant also requested an error patent review.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337, 339 (La.1975); State v. Weiland, 556 So.2d 175, 178 (La.App. 5th Cir.1990); State v. Birden, 95-1007 (La.App. 5th Cir. 5/15/96), 675 So.2d 1187, 1190.
The transcript indicates that the trial judge failed to advise defendant of the time delay for filing for post-conviction relief, as is mandated by La.C.Cr.P. art. 930.8C. This article dictates that, except under certain limited circumstances, a defendant must file his application for post-conviction relief within three years after his judgment of conviction. Section C provides that the trial judge shall inform defendant of this prescriptive period at the time of sentencing. However, the failure to inform the defendant is not a ground for vacating the sentence. Rather, the remedy which this court has previously imposed is to remand the case with an instruction to the trial judge to inform defendant of the provisions of article 930.8 by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Birden, 675 So.2d at 1190-1191; State v. Crossley, 94-965 (La.App. 5th Cir. 3/15/95), 653 So.2d 631, 636-637, writ denied, 95-0959 (La.9/15/95), 660 So.2d 459.
Accordingly, defendant's two convictions and sentences are hereby affirmed. The Motion to Withdraw from representation of defendant filed by appeal counsel is granted. *200 Further, the trial judge is ordered to inform the defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. The case is remanded for that purpose.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED.
NOTES
[1] We note that when defendant filed his pro se motions in November of 1994, he was detained in prison on another charge unrelated to these offenses.